In the Matter of the COMPTROLLER OF THE CITY OF NEW YORK, Respondent, Relative to Allen and Pike Streets and Van Alst Avenue in the City of New York.

MAURICE C. GREENBERG et al., Petitioners.

Supreme Court, Special Term, New York County, June 22, 1943.

*Maurice C. Greenberg* for petitioners.

*Robert H. Schaffer, Acting Corporation Counsel (Hortense M. Wittstein* and *Harry Tannenbaum* of counsel), for respondent.

EDER, J. The Comptroller of the City of New York, pursuant to the power conferred upon him by subdivision b of section 93 of the New York City Charter (1938), issued to and caused to be served upon the petitioners subpoenas requiring them to appear and attend before him to be sworn and to testify and give evidence " in a certain investigation by the Comptroller of the City of New York pursuant to section 93, subdivision b, of the New York City Charter, relating to and affecting the finances of the City of New York, and more particularly with respect to assessments for widening Allen and Pike Streets in the Borough of Manhattan, City of New York, and for paving, etc., Van Alst Avenue, Borough of Queens, New York City ", and to then and there answer all questions as to facts relative to the said investigation.

Although the subpoenas expressly recite that they were issued pursuant to subdivision b of section 93 of the Charter, the petitioners assert they were issued pursuant to subdivision d of said section, and motion is made to quash the subpoenas on the ground that they relate to pending litigation.

Section 93 of chapter 5 of the Charter defines the powers and duties of the Comptroller. Subdivision b provides: " He shall have power to investigate all matters relating to or affecting the finances of the city, and for such purpose he shall have power to require the attendance and examine and take the testimony under oath of such persons as he may deem necessary." Subdivision d provides: " He shall have power to settle and adjust all claims in favor of or against the city in such manner as shall be prescribed by law and for that purpose may administer oaths."

The petitioners are lawyers and they aver that they are counsel to other attorneys who have brought on motions in this court for orders directing the said Comptroller to return to them assessments which they or their clients paid pursuant to certain local laws; these motions have been argued and submitted for decision and are pending undetermined.

It is the assertion of the petitioners that in issuing the said subpoenas the Comptroller is seeking to investigate matters relating to pending *litigation* and that the Comptroller is empowered to issue a subpoena where there is a pending *claim,*

and then only by virtue of section 93d–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929, § 93d–1.0), entitled " Settlement of claims ", the relevant part reading: " The comptroller may require any person presenting for settlement an account or claim for any cause against the city * * * to be sworn before him * * * touching such account or claim, and when so sworn, to answer orally as to any facts relative to the justness of such account or claim."

These two, subdivision d of section 93 of the Charter, and section 93d–1.0 of the Administrative Code, relate to the settlement and adjustment of *claims* against the City; whereas, it is to be observed, subdivision b of section 93 of the Charter relates to an investigation affecting the *finances* of the City.

The petitioners contend that there is presently no *pending claim* against the City, for the proceedings seeking return of the assessments paid have been brought into and are pending undetermined in this court; hence there is no power in the Comptroller to issue a subpœna under section 93d–1.0 of the Administrative Code. This, I think, is a valid objection which would warrant quashing of the subpœnas. As to subdivision d of section 93 of the Charter, I am of the opinion that it is more or less a duplication in function and power of section 93d–1.0 of the Administrative Code and therefore viewed in the same light.

These two subdivisions deal with and relate to prelawsuit procedure; once litigation has begun these provisions are no longer operative and any examination desired must be sought under the provisions of the Civil Practice Act. But subdivision b of section 93 of the Charter has no relation to or connection with examinations whether prior or subsequent to the institution of a lawsuit; it has nothing to do with litigation; it deals with an entirely different matter.

If the subpœnas are valid at all, I believe they must find their support in subdivision b of section 93 of the Charter and must relate to or affect a matter concerning the finances of the City as distinguished from the settlement or adjustment of a claim presently pending against the City.

As to this basic feature the deputy and acting Comptroller unequivocally alleges as follows: " The subpœnas herein were issued by the Comptroller in the course of an investigation by him with reference to the functioning of various bureaus, departments and divisions in his office, the maintenance of various records and the conduct of various employees therein, relating to or affecting the *finances* of the City. * * * However,

the examination to be conducted pursuant to the subpœnas sought to be vacated, has no relation to the merits or justness of the claims for refunds of assessments which are now pending in the courts.''

In view of this positive averment, and nothing is adduced by the petitioners to overcome it, the court must accept it as the fact. The only question then remaining, as I perceive it, is whether in connection with an investigation being made by the Comptroller of his own department and of his own employees, he may, under subdivision b of section 93 of the Charter, examine as witnesses persons other than those in the employ and service of the City; the answer I think is to be found in *Matter of Edge Ho Holding Corp.* (256 N. Y. 374, 380, 381), which, while dealing with the power of the Commissioner of Accounts, is nonetheless applicable in principle, and in rule of construction, here; there it is held such persons may be examined.

For the reasons stated, the motion to quash the subpœnas is denied. Settle order.