Jasen, J.
Petitioner, a certified public accountant, was convicted in Federal court of furnishing a gratuity to a Federal employee. The conviction arose out of a charge that he gave $400 to an employee of the Internal Revenue Service in connection with the auditing of income taxes of several of Ms accounts. He was subsequently charged by the Department of Education with having been convicted of a crime (Education Law, § 7406, subd. 1, par. [c]) and with being guilty of unprofessional conduct (Education Law, § 7406, subd. 1, par. [1b]).
At the conclusion of the hearing before the subcommittee of the Public Accounting Committee on Grievances of the Department of Education, petitioner was found guilty of both charges and the Board of Regents ordered the Commissioner of Education to revoke petitioner’s license to practice as a certified public accountant.
On this appeal, petitioner contends that he was denied a fair hearing, upon the ground, inter alia, that his request for the issuance of certain subpoenas duces tecum was denied by the committee hearing the charges against him.
We agree with the determination below and concur with the views expressed in the Appellate Division opinion, except to the *296 extent that the court held that the “ Petitioner’s right to have subpoenas issued by the committee is circumscribed in this instance by CPLR 2307 which provides that a subpoena duces tecum to be served upon an officer of the State, must be issued by a Justice of the Supreme Court.”
In our view, CPLR 2307 (subd. [a])[1] is applicable only to those subpoenas issued pursuant to CPLR 2302 (subd. [a])[2], with respect to administrative boards not granted specific power to issue subpoenas. Where, as here, the administrative board’s authority to issue subpoenas is derived from a specific statutory grant of power (Education Law, § 7406, subd. 3), CPLR 2307 does.not govern. (2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2307.02.)
The Legislature, in enacting article 23 of the CPLR, had as its aim a uniform treatment of the law of subpoenas. It intended "to simplify and consolidate the many procedural provisions affecting subpoenas in the civil practice act and various consolidated and unconsolidated laws. Procedures for the use of subpoenas by nonjudicial bodies have been integrated with judicial procedures. Wherever they are silent on the point, the rules * * * refer to all subpoenas.” (First, Prelim *297 inary Report of the Advisory Committee on Practice and Procedure, p. 161 [hereinafter cited as First Report].)
In effecting this intent, the Legislature, while retaining that part of section 406 of the Civil Practice Act which permitted administrative boards to issue subpoenas (First Report, p. 162), did not repeal those statutes which granted to particular administrative boards the power to issue subpoenas. This is significant inasmuch as the legislative committee had previously commented upon the apparent confusion in the pre-CPLR period resulting from the existence of this dual source of subpoena power. (First-Report, p. 360.)
In view of the intent expressed by the CPLR drafters, it should not, and cannot, be implied that a return to the pre-CPLR “ confusion ” was intended. Rather, it would seem that the Legislature indicated that CPLR 2302 (subd. [a]), with respect to administrative boards, governs the issuance of subpoenas by those boards not already granted this power by statute, and as to those administrative boards to whom a specific grant of subpoena power had been granted, their power to issue subpoenas is derived solely from such grants. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 96.) It follows that, since the subcommittee has authority to issue subpoenas pursuant to a specific grant, CPLR 2307 (subd. [a]) is not a limit on the subcommittee’s power. Therefore, the issue as to whether petitioner was entitled to the subpoena duces tecum he requested the subcommittee to issue turns upon an interpretation of section 7406 (subd. 3) of the Education Law.
Section 7406 (subd. 3) of the Education Law provides in pertinent part, with respect to hearings in disciplinary proceedings : “ At any such hearing the respondent may appear in person and by counsel with the right to produce witnesses and evidence in his own behalf to cross examine any appearing before him and to have subpoenas issued by the committee. The complainant likewise shall have similar power to produce witnesses and to have any necessary subpoenas issued by the committee.”
Petitioner contends that the above provision provides him with an unqualified right to have- subpoenas issued on his behalf. We disagree. For the first sentence of the above provision *298 must be read together with the second sentence, and the words “ likewise ”, “similar power ” and “ necessary ” must especially be noted. In doing so, it is clear that there is no mandatory requirement that the respondent is entitled, as a matter of right, to subpoenas. Bather, the issuance of subpoenas upon the request of the respondent or complainant is a matter within the discretion of the subcommittee. If Irwin’s arguments were accepted, we would then have a situation in which a respondent would have an unlimited right to subpoenas, whereas the complainant’s right to subpoenas would be subject, in every instance, to the committee’s discretion. It seems to us that the Legislature did not intend such a result for an adversary proceeding.
Since we conclude that the right to the issuance of a subpoena duces tecum is discretionary with the subcommittee and not mandatory, we are then faced with the question of whether the subcommittee’s denial of petitioner’s request was an abuse of discretion. (See Carlisle v. Bennett, 268 N. Y. 212.) We conclude that the failure on the part of the subcommittee to issue the subpoena duces tecum, in light of petitioner’s stated purpose, cannot be termed an abuse of discretion.
With respect to the first specification, petitioner contends that the subcommittee’s denial of subpoenas deprived him of the opportunity to show that his conviction under the Federal statute was not a crime within the meaning of the Education Law, since it was only a crime of gratuity. Section 7406 (subd. 1, par. [c]) requires' only a conviction in a court of competent jurisdiction of any crime, with no distinction made between types of crimes. If the Legislature did so intend, it could have, and, in our view, would have used more appropriate language to accomplish that purpose. And as pointed out by the United States Second Circuit Court in United States v. Irwin (354 F. 2d 192): “The awarding of gifts thus related to an employee’s official acts is an evil in itself, even though the donor does not corruptly intend to influence the employee’s official acts, because it tends, subtly or otherwise, to bring about preferential treatment by Government officials or employees, consciously or unconsciously, for those who give gifts as distinguished from those who do hot. * * * The iniquity of the procuring of public officials, be it intentional or unintentional, is * * * fatally destructive to good government ”. (Id., at p. 196.) *299 Since it is clear that a subpoena duces tecum could in no way support petitioner’s claim, it can hardly he said that the denial under such circumstances was an abuse of discretion.
As to the second specification, petitioner argues that had his requested subpoenas been issued, he would have been able to establish that the regulation under which this charge was brought was not properly filed and published. Of course, if it were not filed, such a failure would prevent it from becoming effective. (People v. Cull, 10 N Y 2d 123.) However, contrary to petitioners’ claim, it is clear that the rule defining unprofessional conduct, having been adopted' by the Commissioner of Education and approved by the Board of Regents, was filed in the office of the Secretary of State and was published in 8 NYCRR 70.5. Therefore, since petitioner’s contention is without merit, the subcommittee’s denial was likewise proper in this instance.
Accordingly, the order should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
Order affirmed, without costs.

. “ (a) Issuance by court. A subpoena duces tecum to be served upon a library, or a department or bureau of a municipal corporation or of the state, or an officer thereof, requiring the production of any books, papers or other things, shall be issued by a justice of the supreme court in the district in which the book, paper or other thing is located or by a judge of the court in which an action for which it is required is triable. Unless the court orders otherwise, a motion for such subpoena shall be made on at least one day’s notice to the library, department, bureau or officer having custody of the book, document or other thing and the adverse party. Where a stipulation would serve the same purpose as production of the book, document or other thing and the subpoena is required because the parties will not stipulate, the judge may impose terms on any party, including the cost of production of the book or document, and require such cost to be paid as an additional fee to the library, department or officer.”

. “ (a) Without court order. Subpoenas may be issued without a court order by the clerk of the court, a judge where there is no clerk, an attorney of record for a party to an action, an administrative proceeding or an arbitration, an arbitrator, a referee, or any member of a board, commission or committee authorized by law to hear, try or determine a matter or to do any other act, in an official capacity, in relation to which proof may be taken or the attendance of a person as a witness may be required.”