■    In the Matter of CARMELO BAMBACE, INC., et al., Petitioners, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to annul respondent's determinations, made March 6, 1974, (1) finding that petitioners had violated section 101 (subd 1, par [c]) of the Alcoholic Beverage Control Law and Rule 36 (subd [1], par [c]) of respondent's rules (9 NYCRR 53.1 [c]) in that petitioners had accepted gifts from a licensed wholesaler which might tend to influence them to purchase the product of said wholesaler and (2) warning them that this finding will be considered in the event of their commission of offenses in the future. Determinations annulled, on the law, with costs. No violation of the above-mentioned statute is made out by petitioners' undisputed participation in the sales incentive program which is the subject matter of this proceeding. There is no offense under this statute unless the offense is accomplished through the medium of a gift or a service rendered (*Matter of Pennsylvania Whiskey Distr. Corp. v Bruckman,* 256 App Div 781, affd 282 NY 665). Concededly, no rendition of services is herein involved and the sums turned over to petitioners by Carling Breweries, Inc., as partial reimbursement for bonuses and additional compensation paid by petitioners to their salesmen cannot be deemed to have been gifts. Furthermore, the record indicates that such sales incentive programs are common in the beer industry, and the amounts involved in the particular Carling promotion at issue were minuscule in comparison with petitioners' sales volume. For these reasons as well, no violations of the statute were committed by petitioners (*Matter of Schenley Ind. v State Liq. Auth.,* 25 AD2d 285, affd 32 NY2d 638; cf. 9 NYCRR Part 94). Hopkins, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.