■ In the Matter of WELLINGTON IMPORTERS LTD., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent, dated April 18, 1978, as, after a hearing, found that petitioner violated section 101 (subd 1, par [c]) and section 101-b (subd 2, par [b]) of the Alcoholic Beverage Control Law and suspended its liquor license for a period of 10 days or, in the alternative, imposed a bond claim of $20,000. Petition granted to the extent that the determination is modified, on the law, by deleting therefrom (1) the finding that petitioner violated section 101 (subd 1, par [c]) of the Alcoholic Beverage Control Law and (2) the penalty imposed. As so modified, determination confirmed insofar as reviewed, without costs or disbursements, charge two is dismissed and the matter is remanded to the respondent for the imposition of a new penalty. There is no violation of section 101 (subd 1, par [c]) of the Alcoholic Beverage Control Law unless the offense is accomplished through the medium of a gift or service rendered. The evidence presented does not support the finding that such a violation occurred here (cf. *Matter of Carmelo Bambace, Inc. v State Liq. Auth.,* 48 AD2d 834;

*Matter of Pennsylvania Whiskey Distr. Corp. v Bruckman,* 256 App Div 781, affd 282 NY 665). Regarding petitioner's claim that the hearing officer was required to issue a subpoena duces tecum, we hold that the petitioner should have sought the subpoena from a Justice of the Supreme Court (see CPLR 2307, subd [a]; cf. *Matter of Irwin v Board of Regents of Univ. of State of N. Y.,* 27 NY2d 292; *Matter of Silverman v State Liq. Auth.,* 47 AD2d 226). As to petitioner's first contention, that it was denied a fair hearing by the "pretrial" publicity surrounding the charges, we do not agree that the publicity was of such nature or extent as to have affected the fairness of the hearing. We point out, however, by way of caveat, that in view of respondent's position as complainant, prosecutor and Judge, publicity releases which tend to prejudge cases arising before it, may, under other circumstances, lead to a vacatur of its determination. Gulotta, J. P., Shapiro, Cohalan and Margett, JJ., concur.