■ In the Matter of MARVIN NEIMAN, as Operator of CONCOURSE NURSING HOME, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Department of Health which imposed a civil penalty upon petitioner in the amount of $2,000. Petitioner was the executive director and operator of the Concourse Nursing Home in The Bronx, New York, when, in August of 1977, he was advised by the Department of Health that an audit of the financial records of the nursing home for the calendar year 1975 would be conducted pursuant to section 2803 of the Public Health Law and that certain of petitioner's records would be needed for the audit. Despite ongoing negotiations and communications between the parties during the ensuing months, petitioner allegedly did not comply with the department's requests and order that he produce certain docu-

ments to facilitate the audit, and, as a result, a hearing was ultimately conducted by the department on September 26 and 27, 1978 to investigate the asserted failure of petitioner to co-operate with the audit. Thereafter, the hearing officer concluded that petitioner had failed to produce the requested records in a timely manner, thereby violating article 28 of the Public Health Law and the department's order of December 22, 1977, and that petitioner's affirmative defense based upon an alleged conflict of interest on the part of the department's auditors was without merit. These findings were subsequently adopted by respondents who, in an order dated March 21, 1979, directed that petitioner produce, on April 2, 1979, all books, records and documentation relating to the operation of the nursing home during 1975 as set forth in a notice of hearing and an amended statement of charges against petitioner, that petitioner pay a civil penalty of $2,000 within 30 days after service of the order and that petitioner's license to operate a nursing home be revoked with the provision that the revocation would have no force or effect if petitioner complied with the order and properly furnished the information requested for the audit. Seeking the vacation of this order, petitioner instituted the present CPLR article 78 proceeding which was transferred to this court by an order of Special Term, and we agree with petitioner that the challenged determination should be annulled. Prior to the administrative hearing in September of 1978, petitioner served a subpoena duces tecum requesting that the department produce, *inter alia,* its worksheets, memoranda, reports and correspondence relating to the audit of petitioner's facility. These materials were requested so that they could be examined in an attempt to determine when petitioner had produced his records which the department had sought for the audit, and petitioner repeatedly renewed his request for the subpoenaed materials during the course of the hearing. In our judgment, these materials were plainly relevant and necessary to petitioner's defense that he had produced the records requested by the department in a timely and proper fashion, and, consequently, the hearing officer should have exercised his express statutory authority under subdivision 1 of section 12-a of the Public Health Law so as to compel the department to produce the materials sought by petitioner. Furthermore, since the hearing officer's authority to issue subpoenas is, as noted, derived from a specific statutory grant of power, CPLR 2307 is inapplicable to the present situation, and it was not necessary for petitioner to move in Supreme Court for the issuance of the subpoena *(Matter of Irwin v Board of Regents,* 27 NY2d 292). Under all these circumstances, petitioner was clearly denied a fair hearing in that he was denied a reasonable opportunity to present his defense to the charges against him, and, therefore, the determination of respondents should be annulled and this matter should be remitted to the Department of Health for further proceedings not inconsistent herewith. We reach no other issue. Determination annulled, without costs, and matter remitted to the Department of Health for further proceedings not inconsistent herewith. Sweeney, J. P., Main and Mikoll, JJ., concur.

Casey and Herlihy, JJ., dissent and vote to confirm in the following memorandum by Casey, J. Casey, J. (dissenting). While we agree that the hearing officer had the authority to direct the department to produce the requested documents (Public Health Law, § 12-a, subd 1), in our view the hearing officer did not abuse his discretion in refusing to di-

rect disclosure (see *Matter of Irwin v Board of Regents*, 27 NY2d 292, 298-299). The essence of petitioner's argument is that the department records he seeks would show that many of the documents requested by the department had previously been provided to and examined by the department. He contends, therefore, that the records are necessary to his defense of the charges that he failed to produce the requested documents since they will show his compliance with the request. While there is some support in the record for petitioner's contention that he produced many of the documents when initially requested to do so, a fact conceded by one department official at the hearing, the record further reveals that petitioner refused to comply with a later request that the documents again be produced so that they could be re-examined. It is this latter refusal that is the subject of many of the charges at issue. Pursuant to subdivision 4 of section 2803 of the Public Health Law, petitioner is required to "furnish to the department such reports and information as it may require". Implicit in this broad statutory grant of authority is the power to request the later production of documents that have previously been requested and produced. The department exercised this power here and petitioner refused to comply. While the department records sought by petitioner might show his compliance with the initial request to produce the documents, they are irrelevant to the question of whether he refused to comply with the later request to again produce them. In refusing to comply with the request to again produce the documents, petitioner apparently felt that the sole purpose for the request was harassment. Assuming that petitioner can simply refuse to comply with the request and assert as a defense in the administrative proceeding based upon that refusal the lack of a legitimate purpose for the request, there is nothing in this record to suggest that the department's desire to re-examine the documents was not in furtherance of its duties under article 28 of the Public Health Law. Nor is there any indication that the department records sought by petitioner would show otherwise. Petitioner's sweeping request for all department records relating to the audit is, in our view, nothing more than a "fishing expedition" intended to obscure the narrow issue involved in the administrative proceeding—whether petitioner refused to comply with the department's request for documents. Since there is substantial evidence to support respondent's determination and since petitioner's arguments that he was deprived of a fair hearing are without merit, the determination should be confirmed, and the petition dismissed.