■ In the Matter of DERLE FARMS, INC., Petitioner, v J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Agriculture and Markets which, *inter alia,* denied petitioner's application for extension of its milk dealer's license to sell milk to public schools in Richmond County, and limited the grant of extension of petitioner's milk dealer's license in Kings County to home delivery sales. Petitioner holds a retail milk dealer's license for the County of Queens. It is a small family owned business whose sole stockholder is Nathan Abramson, petitioner's founder and operator for the past 15 years. Derle Farms, Inc., supplies milk to homes, approximately 18 schools, and five retail stores. Two of the stores are owned by petitioner and it retains the right,

pursuant to contract, to supply milk to the remaining three, which it formerly owned, as a "concession" from which commissions are derived. On September 25, 1978 Derle Farms, Inc., filed an application requesting extension of its license in order to bid and sell milk to public schools in Richmond County. Later, on January 28, 1979, it filed an application to extend its retail license to Kings County. Thereafter, the Department of Agriculture and Markets (Department) issued a notice of hearing indicating that, in addition to consideration of whether the requested extensions should be denied, the revocation or limitation of petitioner's existing license would also be at issue. The notice cited several provisions contained in section 258-c of the Agriculture and Markets Law* and included a specific charge that petitioner had violated subdivision 2 of section 258-b of the Agriculture and Markets Law in failing to make prompt payment for milk purchases. Prior to the scheduled hearing, petitioner requested the issuance of a subpoena duces tecum seeking to obtain, among other things, all correspondence, transcripts and memoranda in the Department's files between designated milk dealers and the Department regarding Derle Farms. The stated purpose of the subpoena was to develop evidence of discriminatory enforcement of law by the Department. The subpoena was refused and the hearing, commencing March 27, 1979, was concluded on June 4, 1979. Evidence was presented by the department, petitioner and four milk dealers who were licensed to sell milk at wholesale only. On October 22, 1979 respondent announced his findings of fact and conclusions. He determined that (1) petitioner's retail licence in Queens County would not be revoked, (2) the extension to Kings County was granted, but limited to home service customers only, and (3) the extension to Richmond County was denied. Petitioner contends that the foregoing limitation and denial should be annulled. It maintains that respondent's failure to issue the subpoena duces tecum upon timely request was improper and that the record generally is so confused that it does not contain a preponderance of evidence to support specific findings. Turning to the question of the subpoena, we agree, as argued by respondent, that when an administrative agency has been granted subpoena power by separate statutory authority, its powers in relation thereto are governed solely by the enactment and are not limited by any inconsistent features of the CPLR (cf. *Matter of Irwin v Board of Regents of Univ. of State of N. Y.*, 27 NY2d 292). However, since the statutory provisions of the Agriculture and Markets Law which refer to respondent's subpoena power state that subpoenas "issued" thereunder shall be "regulated" by the CPLR (Agriculture and Markets Law, § 34, subd 4; § 254, subd [b]), and since CPLR 2304 supplies a mechanism for testing the propriety of an issued subpoena by a motion to quash, it follows that both the need for the subpoena and the relevance of the evidence sought are matters for a court to decide upon motion, rather than by respondent or his agents (cf. *Matter of La Belle Creole Int., S. A. v Attorney-General of State of N. Y.*, 10 NY2d 192; *Matter of Dairymen's League Co-op. Assn. v Murtagh*, 274 App Div 591, affd 299 NY 634). In all probability, the items sought herein would be irrelevant at the administrative hearing level for the purpose named by petitioner (cf. *Matter of Bell v New York State Liq. Auth.*, 48 AD2d 83), but that cannot excuse respondent's failure to issue the subpoena for, under proper procedures, the question is not one for him to judge (see *Matter of Coney Is. Dairy Prods. Corp. v Baldwin*, 243 App Div 178).

---

* These provisions relate, generally, to inadequate financial responsibility, improper business practices, misleading statements on license applications, the cessation of business, and any other violation of the Agriculture and Markets Law.

However, we do not rest our decision on this ground since, in our view, the record as a whole is so conflicting, confusing and inconclusive, that it is inadequate to support the challenged determination. There are three sections of the Agriculture and Markets Law pertinent to the issue of late payment. Respondent may revoke, modify or deny a license if he finds, by a preponderance of the evidence, that "the milk dealer has failed to account and make payment without reasonable cause, for any milk purchased" (Agriculture and Markets Law, § 258-c, subd [b]) or "the milk dealer has violated any of the provisions of this chapter" (Agriculture and Markets Law, § 258-c, subd [k]). Additionally, section 258-b (subd 2, par [a]) requires that "All milk dealers shall pay for milk purchased or received from producers on or before the twenty-fifth day of the month following the month in which the milk was received", unless the respondent has fixed some other date (1 NYCRR Part 44). Concededly, between September, 1977 and September, 1978, petitioner was tardy in making final payments to one of its suppliers, Grandview Dairies. The situation was caused by delays of up to 18 weeks in receiving payment from the City of New York for milk petitioner delivered to schools in Queens County. Respondent found a violation of subdivision 2 of section 258-b of the Agriculture and Markets Law, but he did not specify whether this failure to make timely payment was "without reasonable cause", whether it constituted a violation of the other afore-mentioned sections, or whether it was a ground on which the license extensions were denied. In short, he failed to make a proper statement of findings and conclusions showing the particular matter determined (cf. *Matter of Elite Dairy Prods. v Ten Eyck,* 271 NY 488). Next, the conclusion that petitioner delivered milk to stores it no longer owned or managed was against a preponderance of the evidence. The notice of hearing did not allege a violation of section 257 of the Agriculture and Markets Law, and the record fails to disclose any limitation on petitioner's license or a factual violation of that section. Finally, the conclusion that petitioner was financially unqualified, based largely on the inconclusive testimony of a Department accountant, was unwarranted for the purported discrepancies he noted in petitioner's books could have been resolved had the auditor chosen to do so. Since the degree to which respondent relied upon these erroneous conclusions cannot be measured, we can only conclude that the confused state of the record mandates an annulment of the challenged determinations with a direction for a rehearing (see *Matter of Williams v Du Mond,* 282 App Div 76). In doing so, we find it unnecessary to address petitioner's remaining arguments, some of which also appear to have merit. Determination annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Sweeney, J.P., Kane, Main and Mikoll, JJ., concur.

Casey, J., dissents and votes to confirm in the following memorandum.

Casey, J. (dissenting). I respectfully dissent. In my view the majority misconstrues the subpoena provisions of the Agriculture and Markets Law. Sections 22, 34 and 254 of that law are the only statutes relative to the issuance of subpoenas. Sections 22 and 254 authorize the commissioner to subpoena witnesses and documents for investigations and inquiries that he is conducting, and, therefore, are inapplicable here. Section 34, which relates specifically to hearings, provides in subdivision 2, that "subpoenas shall be signed and issued by the commissioner", and in subdivision 4, that the subpoenas "issued under this section shall be regulated by the civil practice law and rules". While section 34 grants the commissioner the power to issue subpoenas against third persons[*] on behalf of a petitioner whose hearing is being conducted, there is no

---

[*] Subdivision 3 of section 34 makes a person who fails to obey a subpoena issued by the

indication or suggestion in that statute that when so requested the subpoena must be issued against the commissioner himself and his own records, as the majority now holds. In my opinion, the reason for the omission of the commissioner and his records from that statute is obvious. Section 23 of the Agriculture and Markets Law makes all the records in the possession of the commissioner public records for which no subpoena is needed. The only exception thereto are those records received and accepted by the commissioner "as being of a confidential nature which when so received and accepted shall not be subject to subpoena" (Agriculture and Markets Law, § 23; see *Matter of Gates v Dyson,* 55 AD2d 705). Since no issue of confidentially has been raised in this proceeding, either before the commissioner or in this court, we need not be concerned with it now. If such an issue were to arise, the appropriate provisions of the CPLR relating to subpoenas and/or discovery could be utilized to obtain a judicial determination thereof (Agriculture and Markets Law, § 34, subd 4; see *Matter of Wellington Importers v State Liq. Auth.,* 67 AD2d 714, 715). An examination of the petitioner's request for the subpoena duces tecum herein must be made in the light of these statutes. Here, without any attempt to examine the desired records pursuant to section 23, the petitioner requested the commissioner, prehearing, to issue a subpoena duces tecum of all correspondence, transcripts and memoranda in the department's files between the department and other designated milk dealers in an admitted attempt on the petitioner's part to show discriminatory enforcement. The petitioner urges annulment of the commissioner's determination primarily because this request was refused. The majority agrees and adopts an incredible procedure requiring such request — no matter how broad or burdensome — to be granted by the commissioner against himself and all his records as demanded, and if the commissioner is dissatisfied with what he himself has been compelled by the majority to issue, he must resort to legal procedures — with all the delay attendant thereon — to suppress, limit or modify his own determination. To compel a legal proceeding to obtain relief from one's own judicially compelled act, I respectfully suggest, has no precedent either in law or logic. It is my opinion that the determination of whether to grant petitioner's request for a subpoena rests in the discretion of the commissioner (cf. *Matter of Irwin v Board of Regents,* 27 NY2d 292, 297-298), subject to the limitation contained in section 23 of the Agriculture and Markets Law. Since petitioner has failed to demonstrate the necessity for a subpoena duces tecum in view of the public records provision of section 23 (see, also, Public Officers Law, § 84 *et seq.),* the commissioner did not abuse his discretion in denying petitioner's request. Furthermore, inasmuch as the admitted purpose of the subpoena was to show discriminatory enforcement, which this court has already determined cannot be raised in an administrative hearing *(Matter of Bell v New York State Liq. Auth.,* 48 AD2d 83), the denial of the request was proper. In regard to the determination made by the commissioner after the hearing, suffice it to say that it was supported by substantial evidence which is the extent of this court's review under *Matter of Pell v Board of Educ.* (34 NY2d 222). The determination should, therefore, be confirmed.

---

commissioner guilty of a misdemeanor — a clear indication that the subpoenas issued by the commissioner hereunder are directed against third persons and not against the commissioner himself.