OPINION OF THE COURT
Thomas E. Mercure, J.
This motion presents the novel question- of whether the State Commission on Judicial Conduct may issue its own subpoena for records of a District Attorney’s office or whether CPLR 2307 requires a judicial subpoena.
Movant, H. John Hendley, Warren County District Attorney, moves for an order to quash and vacate two subpoenas, issued by Gerald Stern, as Administrator of the State Commission on Judicial Conduct (hereinafter called Commission).
The application herein stems from an ongoing investigation by the Commission of alleged misconduct concerning a Judge of the Unified Court System. In part, it has been *1045 alleged that the Judge participated in the preparation and execution of an agreement between a defendant and various law enforcement officials.
In connection with this investigation, the Commission contacted and interviewed, by telephone, Virginia Sleight and John Ingalls, both of whom were Assistant District Attorneys at the time the agreement was executed. Both denied knowledge of the matter. The Commission then prepared affidavits which were sent to the above-named parties.
Movant subsequently informed the Commission that he had informed Sleight and Ingalls not to sign the affidavits on the grounds that the Commission was attempting to obtain, in effect, records of the Warren County District Attorney’s office.
Movant contends that the Commission seeks to obtain the records by “artifice and devious means”, by issuing and serving Commission subpoenae on what were salaried employees of the District Attorney’s office and whose knowledge of these records was acquired only by their participation in the activities of that office.
Movant avers that he contacted Gerald Stern, administrator of the Commission, and, pursuant to CPLR 2304, he requested that said Gerald Stern withdraw the subpoenae (supra). This administrator refused to do so. Movant argues that nonjudicial subpoenae, such as were issued here, were inapplicable, and that judicial subpoenae were required in the first instance. Movant further argues that the Commission is attempting to do indirectly what it cannot do directly, that is, gain access to movant’s files by nonjudicial subpoenae.
Ms. Sleight and Mr. Ingalls were subpoenaed to appear and testify on September 2, 1982. On September 1, 1982, the Commission was served with an ex parte order to show cause returnable on September 16, 1982, why the subpoenae should not be vacated and quashed, and containing a stay restraining the Commission from deposing the witnesses “until the hearing and determination of this application.”
On the grounds that the “stay” portion of the order to show cause was ex parte, the Honorable Michael E. *1046 Sweeney, a Justice of the Appellate Division, vacated the stay. This application is properly before this court in its present posture. (CPLR 2307, 2308, subd [b].) This court reinstituted the stay pending the determination of this application.
The subpoenae before the court are for the testimony of two Assistant District Attorneys and not for records. This court will construe them as subpoenae for records because the Commission has stated, “but in all candor to the Court it is our intention to subpoena the records as well.”
A District Attorney is a public officer. (NY Const, art XIII, § 13, subd [a].) The powers and duties of the office of District Attorney are set forth in section 700 of article 18 of the County Law. Subdivision 7 reads, insofar as it is applicable here: “The district attorney shall keep and preserve all records now or hereafter in his care or custody or under his control and all records, books and papers relating to the functioning of his office or the performance of his duties.”
CPLR 2307 (subd [a]) provides: “A subpoena duces tecum to be served upon * * * a department or bureau of a municipal corporation * * * or an officer thereof * * * shall be issued by a justice of the supreme court * * * or by a judge of the court in which an action for which it is required is triable.”
The movant argues further that assuming, arguendo, that a judicial subpoena had been issued, the records of the Warren County District Attorney are exempt from disclosure.
Article 6 of the Public Officers Law, generally known as the Freedom of Information Law, sets forth in section 86 that an agency means: “any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or state legislature.”
Although the stated purpose of the Freedom of Information Law was to make the government more responsive and responsible to the public, the Legislature recognized *1047 that notwithstanding this purpose, certain public records would not be subject to disclosure. Subdivision 2 of section 87 of the Public Officers Law, insofar as it is applicable here, provides:
“such agency may deny access to records or portions thereof that:
“(a) are specifically exempted from disclosure by state or federal statute * * *
“(e) are compiled for law enforcement purposes and which, if disclosed, would:
“i. interfere with law enforcement investigations or judicial proceedings;
“ii. deprive a person of a right to a fair trial or impartial adjudication;
“iii. identify a confidential source or disclose confidential information relating to a criminal investigation; or
“iv. reveal criminal investigative techniques or procedures, except routine techniques, and procedures”.
The Commission argues herein that section 42 of the Judiciary Law is applicable herein to obtain the information it seeks. In pertinent part, section 42 reads:
“The commission shall have the following functions, powers and duties:
“1. To conduct hearings and investigations, administer oaths or affirmations, subpoena witnesses, compel their attendance, examine them under oath or affirmation and require the production of any books, records, documents or other evidence that it may deem relevant or material to an investigation * * *
“3. To request and receive from any court, department, division, board, bureau, commission, or other agency of the state or political subdivision thereof or any public authority such assistance, information and data as will enable it properly to carry out its functions, powers and duties.”
The Court of Appeals has held that CPLR 2307 (subd [a]) is a restriction upon the subpoena powers of only those who derive their powers from CPLR 2302 (subd [a]); and that if a given agency derives subpoena powers from an independent source, it can subpoena the records directly *1048 and is not limited by CPLR 2307. (Irwin v Board of Regents, 27 NY2d 292.)
The court held at page 296: “In our view, CPLR 2307 (subd. [a]) is applicable only to those subpoenas issued pursuant to CPLR 2302 (subd. [a]), with respect to administrative boards not granted specific power to issue subpoenas. Where, as here, the administrative board’s authority to issue subpoenas is derived from a specific statutory grant of power * * * CPLR 2307 does mot govern. (2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2307.02.)”
The Commission has authority to issue subpoenas and that authority is derived from a specific statutory grant of power (Judiciary Law, § 42); consequently, CPLR 2307 does not govern.
In the Practice Commentary to CPLR 2307, David D. Siegel wrote: “All in all, CPLR 2307(a) is a blight on the procedural landscape and should be repealed or remolded by the Legislature or * * * scaled down to minimum by case law.” (McKinney’s Cons Laws of NY, Book 7B, CPLR C2307:l, p 240.)
With regard to the movant’s argument that the records of the Warren County District Attorney’s office are exempt pursuant to subdivision 2 of section 87 of the Public Officers Law, subdivision 3 of section 42 of the Judiciary Law provides that the Commission may request and receive from any agency of the State or political subdivision thereof or any public authority such assistance, information and data as will enable it properly to carry out its function.
In summary, judicial subpoenae are not required and CPLR 2307 (subd [a]) is not applicable. A District Attorney may move to quash the subpoenae pursuant to CPLR 2304 as has been done in this case.
The motion is denied and the stay vacated. The Commission is directed to submit an order in accordance with this decision.