OPINION OF THE COURT
Edward J. Greenfield, J.
Claimants move to quash subpoenas duces tecum served upon them by the Comptroller of the City of New York. The City of New York (City) cross-moves to compel compliance with subpoenas.
The 64 claimants have each filed a notice of claim against the City of New York sounding in negligence as a result of a water main break and subsequent fire at a transformer vault of Con Edison Co. resulting in loss of electricity to the garment center area of New York City in August 1983. The Comptroller of the City of New York served subpoenas duces tecum upon all claimants in July 1984.
The narrow issue presented in this motion is whether the Comptroller of the City of New York has authority to issue subpoenas duces tecum. The authority of the Comptroller to issue subpoenas is not derived from CPLR 2302. (See, Matter of Irwin v Board of Regents, 27 NY2d 292, 296-297.) It is the City’s position that the power to issue subpoenas is derived from specific statutory enactments.
*602 General Municipal Law § 50-h (1) gives the City the right to “demand an examination * * * upon oral questions”. It does not authorize the City to compel production of documents or to subpoena.
The City also contends that New York City Charter § 93 authorizes the issuance of subpoenas duces tecum. New York City Charter § 93 (g) authorizes the Comptroller to settle and adjust all claims and “for that purpose may administer oaths”. That subdivision does not authorize the Comptroller to issue subpoenas. In contrast, New York City Charter § 93 (b) authorizes the Comptroller to “investigate all matters relating to or affecting the finances of the city, including without limitation the performance of contracts * * * and for such purpose he shall have power to require the attendance and examine and take the testimony under oath of such persons as he may deem necessary”.
It has previously been held that subpoenas issued pursuant to New York City Charter § 93 (b) “must relate to or affect a matter concerning the finances of the City as distinguished from the settlement or adjustment of a claim presently pending against the City” (Matter of Comptroller of City of N. Y. [Greenberg], 181 Misc 860, 862).
The City also argues that Administrative Code of the City of New York § 93d-1.0 authorizes issuance of subpoenas duces tecum. Section 93d-1.0 authorizes the Comptroller to “require any person presenting for settlement an account or claim * * * to be sworn before him * * * and when so sworn, to answer orally as to any facts relative to the justness of such account or claim.”
The foregoing section of the Administrative Code authorizes the issuance of subpoenas ad testificandum but not subpoenas duces tecum. The City argues that the authority to issue subpoenas to testify also includes the authority to issue a subpoena for documents. The City relies principally on Matter of New York World’s Fair 1964-1965 Corp. v Beame (22 AD2d 611, affd 16 NY2d 570).
The court in World’s Fair (supra) relied upon General City Law § 20 read in conjunction with New York City Charter § 93 as authorizing the Comptroller to issue subpoenas ad testificandum. The court stated: “Because of the complexity and infinite detail involved in an investigation of this nature, and of investigations when necessarily undertaken by the Comptroller, a bare power of subpoena without the power to issue a subpoena duces tecum to require the production of books and records for use in *603 an examination of a witness in a proper case, would be useless.” (Matter of New York World’s Fair 1964-1965 Corp. v Beame, supra, p 617.)
The court’s reference in World’s Fair (supra) to New York City Charter § 93 and investigation refer to investigations of the finances of the City. The investigation sought in World’s Fair (supra) concerned the performance of a contract between the New York World’s Fair and the City of New York. Similarly, in Matter of Goldin v Greenberg (49 NY2d 566), the court authorized subpoenas duces tecum to compel production of books and records of a corporation which had for some six years transported handicapped children under a contract with the Board of Education.
Neither the City nor plaintiff have brought to the attention of this court any case dealing with a Comptroller’s subpoena duces tecum on a negligence claim. The Comptroller is, in essence, seeking to audit the books and records of corporations making claims in negligence. This court finds no statutory support for the issuance by the Comptroller of a subpoena duces tecum on a negligence claim and the subpoenas are vacated. The motion is granted, the cross motion is denied.