■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCE L. HOWINGTON, Appellant.—Judgment unanimously affirmed *(see, People v Brooks,* 154 AD2d 931). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.— grand larceny, fourth degree.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.

■ ROBERT W. PRECOURT, Respondent, v MICHELLE A. KYANKA, Appellant.—Order unanimously reversed on the law without costs, cross motion denied, motion granted, and complaint dismissed. Memorandum: The affidavit of service by mail raised a presumption that proper mailing occurred, and because service was complete upon mailing, the affidavit of plaintiff's attorney stating that he was convinced that his office did not receive the order of preclusion does not raise an issue of fact whether proper service was made *(see, Engel v Lichterman,* 62 NY2d 943, 944, *affg* 95 AD2d 536). In his affidavit opposing this motion, plaintiff's attorney did not raise any issue concerning the validity of the affidavit of service and he did not contend that the order was not mailed.

In the absence of an affidavit setting forth a justifiable excuse for the delay and merit to the action, the court should not have vacated the order of preclusion and it should have granted defendant's motion for summary judgment dismissing the complaint. (Appeal from order of Supreme Court, Onondaga County, Reagan, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.

■ In the Matter of JOANN M. BAILEY, Individually and as President of the Atlantic/University Neighborhood Association, Petitioner, v CITY PLANNING COMMISSION OF THE CITY OF ROCHESTER, Respondent. BARREL OF DOLLS SALOON, INC., Proposed Intervenor-Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: The court erred in denying appellant's motion to intervene brought pursuant to CPLR 7802 (d) for the purposes of appealing an order granting petitioner's CPLR article 78 petition. That petition sought to annul respondent's decision granting appellant's application for a special use permit. Appellant is an aggrieved party (CPLR 5511), and it was entitled to move to intervene after learning that respondent did not plan to appeal the order *(see, e.g., Auerbach v Bennett,* 47 NY2d 619, 628). (Appeal from order of Supreme Court, Monroe County, Cornelius, J.—intervention.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.