■ In the Matter of MICHELLE STOCKDALE et al., Appellants, v MARGARET HUGHES et al., Constituting the Zoning Board of Appeals of the Town of Wallkill, et al., Respondents, and WALLKILL APARTMENTS ASSOCIATES, Intervenor-Respondent.— Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Hickman, J.), entered April 11, 1990 in Orange County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* compel the Zoning Board of Appeals of the Town of Wallkill to issue subpoenas for the appearances of certain witnesses and the production of certain documents.

Petitioners are homeowners (and their association) who own property adjacent to a large parcel of land now owned by intervenor, Wallkill Apartments Associates (hereinafter WAA), in the Town of Wallkill, Orange County. WAA's predecessor in interest was London Properties Corporation (hereinafter London). In 1971, London received final approval from the Town Planning Board for construction of a 128-unit resi-

dential apartment complex on the subject property but did not commence construction thereafter. In 1988, an agreement was entered into between the Town and London, approved by the Town Board, which divided responsibilities between London and the Town regarding sewer service for the area, and the Town acknowledged London's right to obtain building permits for the complex. WAA then purchased the property and submitted applications for the necessary building permits, which were granted between September 12, 1989 and October 2, 1989.

Petitioners then appealed to the Town Zoning Board of Appeals (hereinafter ZBA) to rescind the building permits on the ground that "[p]resent [z]oning [l]aw prohibits [the] apartment complex non-conforming use and prior land use approvals have expired". Petitioners' attorney submitted a written request that the ZBA issue some 30 subpoenas for the production of witnesses and records at the hearing the ZBA was to schedule on petitioners' appeal. The Town Attorney replied in two letters seeking, in substance, some showing that the evidence petitioners expected to elicit from each of the persons to be subpoenaed would be relevant and material to petitioners' appeals to the ZBA. Petitioners also requested disclosure, pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL), of various documents from several Town offices. The Town replied that certain items would be available for inspection at the Town Hall, that others were not in the Town's possession, and that it required clarification as to other requested material on the ground that the request was too general to indicate what specific information was sought.

Without responding to the Town Attorney's letters regarding their subpoena request or to the Town's plea for clarification of their FOIL requests, petitioners initiated this CPLR article 78 proceeding to compel the ZBA to issue the requested subpoenas and for the Town to comply with the FOIL requests. WAA moved to intervene, seeking dismissal of the proceeding and the imposition of sanctions. Supreme Court rendered a decision granting WAA's motion to intervene and dismissing petitioners' application in toto. The decision recited that a conference in chambers resulted in an agreement regarding FOIL disclosure, thereby making the FOIL portion of petitioner's application "academic". Supreme Court dismissed the remaining part of the proceeding that sought to mandate the ZBA to issue subpoenas in petitioners' still-pending appeal before that agency, on the grounds that the ZBA

had not yet made a final determination to deny petitioners' request and (in substance) that petitioners' attempt before the ZBA to reverse the issuance of the building permits lacked merit and was untimely. This appeal followed.

There should be an affirmance. Regarding petitioners' application to compel the ZBA to issue subpoenas, it is uncontradicted that the ZBA did not issue a final decision to refuse the subpoenas but, rather, sought some preliminary verification that petitioners' request was expected to produce relevant evidence for petitioners' administrative appeal. Thus, judicial review was clearly precluded for lack of finality (see, CPLR 7801 [1]), unless it was arbitrary and capricious for the ZBA to inquire into relevancy before issuing the subpoenas. The authority of the ZBA to issue subpoenas is derived from Town Law § 267 (1), which provides that the chairman of that body "may administer oaths and compel the attendance of witnesses". Since the ZBA's authority stems from a statutory source independent of the CPLR and the subpoena power created thereunder is not expressly made subject to the subpoena provisions of the CPLR, petitioners' right to issuance of such subpoenas was subject to the discretion of the ZBA (see, *Matter of Irwin v Board of Regents,* 27 NY2d 292, 298; cf., *Matter of Derle Farms v Barber,* 79 AD2d 1050, 1051). It certainly was not an abuse of discretion for the ZBA to inquire into the relevancy of the evidence expected to be produced before issuing the subpoenas (cf., *Matter of Neiman v Axelrod,* 79 AD2d 764, 765). Thus, Supreme Court correctly dismissed that portion of petitioners' application on the ground of lack of finality. Because the ZBA has not finally determined the substantive issues of petitioners' administrative appeal regarding the issuance of building permits to WAA, we do not address the arguments of the parties on this appeal regarding the merits of that still pending matter, nor should Supreme Court have done so. Also not properly before us on this appeal is the issue of whether petitioners' attorney has statutory authority independently to issue subpoenas in the proceeding before the ZBA (see, CPLR 2302 [a]).

Finally, the FOIL request in petitioners' application was resolved in Supreme Court by stipulation. Moreover, initially the Town did not summarily deny petitioners' request under FOIL; it granted some requests and asked for clarification as to others. Under the foregoing circumstances, petitioners clearly have not established that Supreme Court abused its discretion in failing to award them counsel fees pursuant to Public Officers Law § 89 (4) (c) (see, *Matter of Friedland v*

*Maloney,* 148 AD2d 814, 815-816). Nor do we find any proper basis to grant the request of the Town, ZBA and WAA for the imposition of sanctions against petitioners for initiating a frivolous proceeding and appeal.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.