■ In the Matter of MICHELE STOCKDALE et al., Respondents, v MARGARET HUGHES et al., Constituting the Zoning Board of Appeals of the Town of Wallkill, et al., Respondents, and WALLKILL APARTMENTS ASSOCIATES, Proposed Intervenor-Appellant.—Levine, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Hickman, J.), entered September 4, 1991 in Orange County, which, inter alia, denied Wallkill Apartments Associates' motion, in a proceeding pursuant to CPLR article 78, for intervention.

Petitioners are homeowners and an association of homeowners of land adjacent to and immediately surrounding a tract of land owned by the proposed intervenor, Wallkill Apartments Associates (hereinafter WAA), in the Town of Wallkill, Orange County. In September and October 1989, the Town's Building Inspector issued building permits to WAA to construct a 128-unit apartment complex (hereinafter the subject complex) on the property. WAA promptly began construction on the project. Petitioners thereafter appealed to respondent Town of Wallkill Zoning Board of Appeals (hereinafter ZBA) seeking a hearing to reverse the Building Inspector's issuance of building permits for the complex. Petitioners also requested that the ZBA issue subpoenas for the appearance and production of witnesses at the hearing. When the ZBA declined the subpoena request pending petitioners' verification of the relevancy of the testimony of those witnesses, petitioners instituted their first CPLR article 78 proceeding seeking, *inter alia*, to compel the ZBA to issue the requested subpoenas. Supreme Court, in an April 1990 order, granted WAA's intervention motion and dismissed the petition on the grounds of lack of finality of the ZBA's determination. In May 1991 this Court affirmed *(see, Matter of Stockdale v Hughes,* 173 AD2d 1075).

In the interim, between Supreme Court's decision and this Court's affirmance, the ZBA "canceled" petitioners' application for a hearing, in apparent reliance on Supreme Court's order. Consequently, in May 1990, petitioners commenced this second CPLR article 78 proceeding seeking to compel the ZBA to hold a public hearing on their challenge to the Building Inspector's issuance of the building permits to WAA. The ZBA moved to dismiss the petition and WAA sought leave to intervene and serve an answer, which petitioners opposed. In its proposed answer and moving papers, WAA sought dismissal of the petition on the grounds of mootness and laches based upon the completion of the project. Supreme Court denied both motions, finding that petitioners were entitled to a hearing before the ZBA and ordered such a hearing. The court also added that WAA was not entitled to intervene because its substantive rights would not be affected merely by ordering the ZBA to hold a public hearing.

Initially, we reject petitioners' contention that WAA failed to timely perfect its appeal. WAA's notice of appeal is dated October 18, 1991. If WAA perfected its appeal any day prior to January 22, 1992 it was timely, January 18, 1992 having been a Saturday and January 20, 1992 having been Martin Luther

King, Jr. Day, a public holiday *(see,* 22 NYCRR 670.8 [e] [2]; General Construction Law §§ 24, 25-a [1]). The record supports the conclusion that WAA timely filed its brief and record prior to January 22, 1992.

Turning to the merits of WAA's appeal, we conclude that Supreme Court erred in denying its request for permission to intervene. WAA is uncontrovertably an "interested person" *(see,* CPLR 7802) because it owns the subject complex built pursuant to the building permits which petitioners seek to have the ZBA review and revoke. WAA has a real and substantial interest in this matter and no reason has been shown why it should not be allowed to intervene *(see, Matter of Black v Summers,* 151 AD2d 863, 864; *Matter of Clinton v Summers,* 144 AD2d 145, 147; *see also,* CPLR 1013), particularly in light of the fact that the ZBA and its members have not appealed *(see, Matter of Bailey v City Planning Commn.,* 168 AD2d 1006; *see also, Auerbach v Bennett,* 47 NY2d 619, 628; Siegel, New York Prac §§ 178-182, at 272-276 [2d ed]), and WAA had previously been granted intervention in the prior proceeding *(see, Matter of Stockdale v Hughes,* 173 AD2d 1075, 1076, *supra; see also, Matter of Black v Summers, supra,* at 864).

This Court having exercised its discretion to permit WAA's intervention, WAA has the right to argue all issues as an aggrieved party *(see, Matter of Clinton v Summers, supra,* at 147, n; *see also, Auerbach v Bennett, supra).* We are persuaded by WAA's argument that petitioners' challenge to the issuance of the building permits is moot and barred by laches. It is well settled that where neglect in promptly asserting a claim for relief causes prejudice to one's adversary, such neglect operates as a bar to a remedy and is a basis for asserting the defense of laches *(see, Dwyer v Mazzola,* 171 AD2d 726, 727; *Matter of Taylor v Vassar Coll.,* 138 AD2d 70, 72-73), particularly in the area of land development *(see, Matter of Friends of Pine Bush v Planning Bd.,* 86 AD2d 246, 248, *affd* 59 NY2d 849; *see also, Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds,* 46 NY2d 488, 496; *Matter of Eberhart v La Pilar Realty Co.,* 45 AD2d 679, 680).

The record clearly establishes that WAA commenced construction on the subject complex promptly upon issuance of the building permits in 1989 and that construction is now complete. Of the 128 apartment units in the complex, all but 13 are leased and many have been leased since the summer of 1990. Many of the petitioners lived immediately adjacent to the complex during earlier phases of the project and, thus, the

"clearly discernible construction activity in the [complex] during this extended period must have been evident to petitioners, organized as they were to prevent such activity, and yet they permitted it to proceed, satisfied, it seems, to rest upon the ultimate success" of their appeals to the ZBA *(Matter of Friends of Pine Bush v Planning Bd., supra,* at 248).

We conclude that petitioners failed to make sufficient efforts to safeguard their rights here by failing to seek an injunction or stay to prevent construction on the subject complex from commencing or continuing during the pendency of this litigation *(see, supra; compare, Matter of Harbour v Riedell,* 172 AD2d 920, 921). Even if petitioners are not guilty of laches, this controversy nonetheless has been "rendered moot" and should be dismissed because construction on the complex has long since been completed, and indeed much of it has been leased out and is occupied *(see, Matter of Harbour v Riedell, supra,* at 921; *Matter of Serafin v Wallace,* 117 AD2d 926, 927; *Matter of Friends of Pine Bush v Planning Bd., supra,* at 247), and petitioners have not made any showing that this controversy falls within any recognized exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713-715).

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, motion of Wallkill Apartments Associates for permission to intervene granted and petition dismissed, as moot.