[621 NYS2d 164]

In the Matter of CHANG IL MOON, Respondent, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Appellant.

Third Department, January 5, 1995

APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* and *Peter G. Crary* of counsel), for appellant.

*Rubin & Shang,* Albany *(Gayle A. O'Brien* of counsel), for respondent.

### OPINION OF THE COURT

CARDONA, P. J.

During the course of an administrative hearing challenging respondent's determination to terminate petitioner's status as a participating provider in New York's Medical Assistance Program, petitioner served two subpoenas duces tecum seeking production of two of respondent's employees, together with any documents within their control that were relevant to the determination. After respondent refused to produce the employees, petitioner requested the Hearing Officer to compel respondent to produce the witnesses. Following the Hearing Officer's refusal, petitioner made an application to Supreme Court under CPLR 2308 (b) for an order compelling respondent to comply with the subpoenas. Supreme Court granted petitioner's application. Respondent appeals.

CPLR 2302 (a) authorizes an administrative body and an attorney of record for a party to an administrative proceeding to issue subpoenas. It has been held, however, that this statute does not govern the issuance of subpoenas by administrative bodies that derive their subpoena power from a specific statutory grant *(see, Matter of Irwin v Board of Regents,* 27 NY2d 292, 296-297). There is no logical basis for distinguishing the grant of subpoena power to attorneys in administrative proceedings contained in CPLR 2302 (a) from the grant of subpoena power to administrative agencies contained in the same statute. Both are general grants of power and both should yield to a specific grant of power. The case of *Matter of Irwin v Board of Regents (supra)* establishes that when an administrative agency is granted specific subpoena power by statute, both CPLR 2302 (a) and 2307* are inapplicable to the issuance of subpoenas in proceedings before that agency *(see, Matter of Stockdale v Hughes,* 173 AD2d 1075, 1077; *Matter of Whalen v John P.,* 72 AD2d 961, 962; *cf., Matter of Derle Farms v Barber,* 79 AD2d 1050, 1051).

---

* CPLR 2307 requires that a subpoena duces tecum being served upon an officer of the State must be issued by a Supreme Court Justice.

Although State Administrative Procedure Act § 304 (2) authorizes administrative Hearing Officers to issue subpoenas at the request of any party, that statute does not require or justify a contrary conclusion. There is nothing in the State Administrative Procedure Act's purposes *(see,* State Administrative Procedure Act § 100) to suggest that the Legislature intended to supplant existing specific grants of subpoena power to particular administrative agencies. Rather, State Administrative Procedure Act § 304 (2) should be viewed for what it is: a general grant of power which must yield to a specific grant of power for the same reasons that CPLR 2302 (a) is rendered inapplicable by a specific grant of power. It follows, therefore, that the authority to issue subpoenas in this case must be determined solely by reference to the specific grant of subpoena power contained in Social Services Law § 34 (5) (b) *(see, Matter of Irwin v Board of Regents, supra).*

Social Services Law § 34 (5) (b) grants subpoena power only to "[t]he commissioner or any official by him authorized so to do". Neither the statute nor the relevant regulation which delegates the subpoena power of the Commissioner of Social Services to Hearing Officers (18 NYCRR 519.15 [a]) refers to a party's attorney. Equally as significant is the absence of a proviso similar to that attached to the general subpoena power provisions of State Administrative Procedure Act § 304 (2), which states that "[n]othing herein contained shall affect the authority of an attorney for a party to issue such subpoenas under the provisions of the [CPLR]". The general grants of subpoena power to a party's attorney contained in CPLR 2302 (a) and State Administrative Procedure Act § 304 (2) are inconsistent with the Legislature's specific grant of subpoena power only to the Commissioner and his authorized officials *(see,* Social Services Law § 34 [5] [b]). Accordingly, petitioner's attorney lacked the authority to issue the subpoenas duces tecum and Supreme Court therefore erred in enforcing them.

MIKOLL, MERCURE, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is reversed, on the law, without costs, and motion denied.