■ In the Matter of the Arbitration between GEORGE J. SEEDMAN et al., Respondents, and ANDREW J. LOCKREY, Appellant.

*Per Curiam.* On motion of the petitioners Special Term set aside an award rendered by the arbitrators in favor of the respondent and denied the respondent's motion to confirm. The award was set aside upon the petitioners' claim (1) that the arbitration proceeding was improperly conducted in view of the refusal of the arbitrators to permit an inspection by petitioners of respondent's books and records, and (2) because the arbitrators refused to decide one of the issues submitted to them.

The issue of fact to be decided by the arbitrators was whether the petitioners, distributors of a product invented by the respondent, were overcharged through an arrangement between the respondent and the contractor-manufacturer with respect to the labor costs used as a basis for determining the price charged to the petitioners. During the course of the arbitration the petitioners demanded the right to inspect the respondent's books, records and bank accounts, including those of his wife, in order to determine whether there was any rebate paid by the manufacturer to the respondent resulting in an improper increase in the cost of the product to petitioners' detriment.

It may well be that the failure of arbitrators to permit access to vital records, material to the trial of the issues before them, would be a ground for setting aside an award if such failure made it impossible for a party to present evidence necessary for a determination of the issues. However, in this case the denial of the inspection, in the manner sought, did not have such an effect. The respondent offered to make available to the arbitrators all of his books, records, checks and documents provided that accountants designated by the arbitrators conducted the examination. This was a reasonable offer since the petitioners were actual or potential competitors of the respondent. The petitioners refused or failed to

avail themselves of the offer made. We do not think, in these circumstances, that the failure of the arbitrators to direct the examination requested constituted a denial of any of their rights. Therefore, the award should not have been set aside on the first ground urged.

Nor should the award be set aside on the second ground urged. Although the arbitrators stated that they were not authorized to pass upon the issue in question, yet in fact they did decide it when they determined that there was no fraud or excess price charged to the petitioners.

Accordingly, the order vacating the award should be reversed and the motion to confirm the award granted.

Breitel, J. P., Bastow, Botein and Rabin, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion to vacate the award of the arbitrators denied, the cross motion to confirm the award granted, and judgment is directed to be entered in favor of the respondent-appellant in conformity with said award.