Abraham N. Geller, J.
Petitioner moves for the issuance of a warrant pursuant to subdivision (b) of 2308 of the Civil Practice Law and Rules committing respondent to jail until he shall have consented to be sworn as a witness and testify and produce requested books and records in a pending arbitration proceeding. Subpoenas issued by the arbitrator were served upon him. His motion in this court to set them aside was denied, and the cross motion of petitioner, the party at whose instance the arbitrator had issued the subpoenas, to compel compliance therewith was granted. Having appealed from that order, he moved in the Appellate Division for a stay pending the appeal. But that motion was denied. Respondent in a subsequent appearance before the arbitrator has persisted in his refusal to be sworn and produce records. The instant motion was thereupon made. Respondent now and for the first time urges that under subdivision (b) of 2308 of the Civil Practice Law and Rules it is only the “ issuer ” of the subpoena who may move in the Supreme Court for relief. Since that literally was the arbitrator in this case, he argues that petitioner was without authority to move to compel compliance in the prior motion, the necessary first stage to this motion to commit. Such collateral attack upon a prior order may not be entertained. In any event, the term ‘1 issuer ’ ’ should reasonably embrace the party in a nonjudicial proceeding on whose application a subpoena is issued by the official or person conducting it. It is impractical to hold that it is only such official who can move to compel compliance. Where the party is represented by an attorney, the latter is authorized by subdivision (a) of 2302 of the Civil Practice Law and Rules to issue subpoenas in nonjudicial proceedings ; but where the party is not represented by an attorney, he must apply to the official to issue the subpoena, in which case he should have the same remedy available to bim as a party represented by an attorney. The motion is granted.