■ ASIATIC PETROLEUM CORPORATION, Respondent, v EDWARD M. CAREY, Appellant.—Order, Supreme Court, New York County, entered September 8, 1976, granting plaintiff's motion for a protective order and vacating the notice to produce certain items, reversed, on the law and the facts, and in the exercise of discretion, and the motion denied, with $40 costs and with disbursements to appellant. Asiatic Petroleum Corporation (Asiatic) for many years sold various petroleum products to New England Petroleum Co. (NEPCO). In 1964, Edward Carey, individually, in order to induce Asiatic to extend credit to NEPCO, executed an unconditional guarantee in favor of Asiatic of all of the obligations and indebtedness of NEPCO. Asiatic and NEPCO had entered into an interim agreement on February 28, 1975 whereby NEPCO would pay "$2.05 per barrel F.O.B. Caribbean plus all [host government take] which has become effective since April 1, 1972, and which may become effective after the date hereof." Invoices submitted to NEPCO indicated a total amount of $7,275,669.99 due to Asiatic. NEPCO, claiming an overcharge, refused to make payment. Asiatic then sued Carey on the basis of his unconditional guarantee. The host government take upon which the amount owed is calculated consists of an "income tax" paid to the Venezuelan Government, together with royalty charges imposed by the Venezuelan Government. The documents requested are available and contain the requisite information to compute increments due, based on host government take increases since 1972, and would clearly establish the proper contract price. The test of "usefulness and reason" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406) has been met and no purpose is served by delaying production of the documents requested. Concur—Kupferman, J. P., Lupiano, Birns and Lane, JJ.; Silverman, J., dissents in the following memorandum: Silverman, J. (dissenting). I would affirm the order appealed from for the reason that the Special Term did not abuse its discretion in granting the protective order at this stage of the case. Six days after the service of the summons and complaint, and before answer, defendant served upon plaintiff a notice for the discovery and inspection of all monthly, quarterly, and annual income tax returns and royalty tax returns and the work papers and schedules utilized in preparing such returns for the years 1972, 1974, and 1975. The returns referred to are those filed by a corporation called Compania Shell de Venezuela Ltd. ("CSV") with the Venezuelan Government. The precise relationship between CSV and plaintiff is not made clear in the record. There appears to be a substantial probability that the documents called for relate in large part to periods, products, and transactions not relevant to this case. Bearing in mind the caution with which the disclosure of tax returns is customarily surrounded (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.10), I am not persuaded that at this point in the case the defendant needs the disclosure of so much confidential matter for the purpose of making his defense. Further explor

tion by deposition or discovery of more limited documents and records may show other less drastic ways for defendant to get the information he requires to defend the action. I note also that defendant has not followed the procedure suggested in *Rios v Donovan* (21 AD2d 409) for the identification and limitation of documents whose discovery is requested. If, after reasonable exploration of other sources of relevant information, it appears that less drastic discovery than plaintiff here seeks is insufficient to establish the facts on which relevant defenses rest, defendant can presumably then renew the application. But such extensive and apparently overbroad discovery should not be asked as defendant's first step in the litigation taken six days after the service of the summons and complaint. In the view I have taken, it becomes unnecessary to consider at this time whether plaintiff has sufficient control of the documents requested to permit the court to require plaintiff to produce them.