■ In the Matter of the Arbitration between ASIATIC PETROLEUM CORPORATION, Respondent, and NEW ENGLAND PETROLEUM CORPORATION et al., Appellants. In the Matter of the Arbitration between NEW ENGLAND PETROLEUM CORPORATION et al., Respondents-Appellants, and ASIATIC PETROLEUM CORPORATION, Appellant-Respondent.—Order and judgment (one paper) of the Supreme Court, New York County, entered June 22, 1977, confirming the arbitration award of March 3, 1977 in favor of Asiatic and denying cross motion of New England and Grand Bahama to vacate the award, unanimously affirmed, with $75 costs and disbursements, of this appeal to petitioner-respondent for the reasons stated by Korn, J., at Special Term. Judgment (denominated an order) of the Supreme Court, New York County, entered February 1, 1978, denying motion of Asiatic to confirm the arbitration award of March 16, 1977 and granting cross motion of New England and Grand Bahama to vacate the award to the extent of remanding the matter for further proceedings before the same arbitrators, unanimously reversed, on the law, with $75 costs and disbursements to respondent Asiatic, the motion to confirm the award granted and the cross motion to vacate the award denied. We find that the arbitrators were not guilty of misconduct (as asserted by New England and Grand Bahama) in refusing to enforce the subpoenas duces tecum issued by counsel for New England and Grand Bahama in an effort to demonstrate that they were "overcharged" on oil which Asiatic sold to them between 1973 and 1975. Such overcharges were allegedly, at least in part, the result of improper price adjustments made by Asiatic when it computed higher Venezuelan taxes and royalties (known as HGT—Host Government Take). We note that the contracts herein which are at the base of this controversy provided that "If requested by Buyers, Sellers will furnish to Buyers evidence of the applicability of the price increase on the Oil to be sold hereunder to such increased economic burden and for this purpose a certificate by independent public accountants for Sellers shall constitute sufficient evidence thereof." Proof that such certificates were furnished to New England and Grand Bahama was adduced before the arbitrators. We do not find the arbitrators' decision not to enforce the subpoenas constituted a refusal to hear pertinent evidence which a party offers for consideration by arbitrators. It amounted to no more than a refusal to compel Asiatic to produce certain documents and records. Apparently the arbitrators believed that the particular records were not relevant within the context of the matter before them. As was said in the companion case decided herewith (opn by Korn, J., dated June 16, 1977), "It is the law that an award may not be vacated for refusal to enforce the subpoenas." It is apparent to us that "the arbitrators bottomed their ruling on the interpretation of the contracts. Their interpretation, even if it is erroneous, as a matter of law, may not be questioned." (See *Matter of Wilkins,* 169 NY 494.) Our decision in *Asiatic Petroleum Corp. v Carey* (55 AD2d 556) does not compel a contrary holding. There Asiatic sued Carey, in an action at law, not arbitration, upon a guarantee in favor of Asiatic and in that context we required Asiatic to produce the documents reflecting the "Host Government Take". Here we are not concerned with the procedures available in an action at law, but with an arbitration proceeding and the rules applicable to such proceedings. Moreover, we note that New England and Grand Bahama never sought in their arbitration proceeding to avail themselves of the option open under CPLR 3102 (subd [c]) to seek judicial

assistance to enforce the subpoenas duces tecum in issue but left that issue to the arbitrators. In fact, this court's holding in *Asiatic v Carey (supra)*, was presented to the arbitrators and rejected by them on grounds of relevance. In these circumstances we do not find evidence that the arbitrators were guilty of misconduct. *(Matter of Raisler Corp. [New York City Housing Auth.]*, 32 NY2d 274; *Matter of Professional Staff Congress/City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.*, 39 NY2d 319.) Rather, we find that the matters in issue were fully explored by the arbitrators. Concur—Kupferman, J. P., Birns, Silverman, Fein and Sandler, JJ.