■ In the Matter of ROBERT P. WHALEN, Commissioner of the New

York State Department of Health, Appellant, v JOHN P., Respondent.— Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Applicant, Commissioner of the New York State Department of Health, appeals from an order made by Special Term during an adjournment of a medical disciplinary hearing (Public Health Law, § 230) involving charges of professional misconduct against respondent. We affirm the order insofar as it grants applicant's request that the court quash subpoenas issued by respondent's attorneys to various persons commanding them to appear at the offices of respondent's attorneys for oral examinations and to produce certain records before the next scheduled hearing in the matter. We reverse that portion of the order which directs that applicant or the presiding officer of the Committee of the State Board for Professional Medical Conduct issue similar subpoenas addressed to the same people for the same purpose. There is no authority for oral depositions or other discovery devices in professional medical conduct proceedings or for the issuance of subpoenas pertaining thereto. Section 230 of the Public Health Law does not provide for prehearing investigatory procedures. The subpoena powers granted in section 206 (subd 4, par [a]) and section 230 (subd 10, pars [c], [k]) of the Public Health Law do not authorize issuance of subpoenas in the investigatory stage. Nor do the subpoena powers under section 304 of the State Administrative Procedure Act apply to discovery procedures. Section 305 of the State Administrative Procedure Act empowers each agency having the power to conduct adjudicatory proceedings to adopt rules providing for discovery and depositions. Such rules have not been adopted with respect to professional medical conduct proceedings. Nor does CPLR 2302 authorize the use of disclosure devices by a nonjudicial body (see *State Div. of Human Rights v University of Rochester,* 53 AD2d 1020, app dsmd 40 NY2d 917; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2302:1, p 194). Moreover, CPLR 2302 does not apply if a particular board or other administrative agency has been granted subpoena power by a more specific statute. In such a case, the power of the board or agency to issue subpoenas is derived solely from the specific statute (see *Irwin v Board of Regents of Univ. of State of N. Y.,* 27 NY2d 292; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2302:1, p 193). As we have noted, subpoena powers have been granted in both the Public Health Law (§ 206, subd 4, par [a]; § 230, subd 10, pars [c], [k]) and section 304 of the State Administrative Procedure Act. Thus, CPLR 2302 is not applicable here. (Appeal from order of Erie Supreme Court—quash subpoena.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.