OPINION OF THE COURT
Joseph J. Sedita, J.
This matter was brought on by an order to show cause why a Grand Jury subpoena duces tecum should not be quashed. Said subpoena was issued by the District Attorney, pursuant to the Grand Jury’s subpoena powers, to the Chief Clerk of Supreme Court, Erie County, seeking the production of portions of the court’s files on a matrimonial action. Access to the requested documents was denied by the clerk.
The basis for the refusal to produce the requested documents was section 235 of the Domestic Relations Law which prohibits (subd 1) “any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order of the court.”
*36 The District Attorney asserts the broad investigatory powers granted to a Grand Jury under CPL 610.10, 610.20, and 610.25.
In resolving the legal “face off” between these statutes, the court takes note of two well-known rules of statutory construction. The first rule that this court deems relevant is that where a general statute and a specific statute are in apparent conflict, the court should generally defer to the more specific statute. (See 56 NY Jur, Statutes, § 129; Sheridan Suzuki v Caruso Auto Sales, 110 Misc 2d 823; Erie County Water Auth. v Kramer, 4 AD2d 545, affd 5 NY2d 954; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, § 397; Williamsburgh Power Plant Corp. v City of New York, 255 App Div 214, affd 280 NY 551.)
A second rule of construction highly relevant to our determination of the proper relationship between these statutes 'is the rule of construction that the explicit language of a later statute controls the general words of an earlier enactment (Matter of Bush v Salerno, 51 NY2d 95; Gwynne v Board of Educ., 259 NY 191; East End Trust Co. of City of Harrisburg, Pa. v Otten, 255 NY 283; McKinney’s Cons Laws of NY, Book 1, Statutes, § 397).
In the case before us we have a general grant of power to issue subpoenas by the Grand Jury under the sections of the CPL set forth above, and a specific statute protecting matrimonial records except as to a party, their counsel, or by court order. This statute was originally enacted prior to the enactment of the relevant sections of the CPL. However, it has been amended several times since the enactment of CPL 610.10, 610.20 and 610.25, and provides no express exclusion from its mandate for Grand Jury subpoenas.
Applying the rules of construction set forth above to our case, the only appropriate conclusion that may be drawn is that the very specific prohibitions (absent a court order) which are ensconced within section 235 of the Domestic Relations Law must be enforced over the “general” authority to issue subpoenas by the Grand Jury. As we noted earlier, section 235 has been amended many times since the enactment of the relevant sections of the CPL and has *37 not, in any way, expressed an intent to make an exception for Grand Jury subpoenas.
We note that section 235 of the Domestic Relations Law places no absolute barrier to obtaining these records. It only erects a procedural barrier which places a neutral magistrate between the investigating hand of the government and these files, which may contain highly sensitive and personal information, revealing the most private and closely guarded aspects of citizens’ lives. This court has previously indicated its concern for the threat to our citizens’ privacy incident to the maintenance of governmental records containing highly personal information. (See Matter of State of New York [Off. of Mental Health Buffalo Psychiatric Center] [Civil Serv. Employees Assra.] 104 Misc 2d 1086.) The maintenance of these records casts a heavy responsibility on those public officials entrusted with their care and protection. Section 235’s requirement of a court order is a reasonable mechanism to “screen” and supervise interventions in this sensitive area.
We have been urged to follow the ruling of the First Department of the Appellate Division in the case of Matter of Grand Jury Subpoenas (58 AD2d 1). In this case the First Department interpreted whether section 114 of the Domestic Relations Law prohibited use of a Grand Jury subpoena duces tecum without a court order. Section 114 deals with sealed adoption records and the operative language requiring a court order is very similar to the language of section 235 of the Domestic Relations Law. Both statutes prohibit any “person” (except for specified exceptions) from access to these records.
After analyzing various factors and considerations, the First Department decided to hold in favor of the power of the Grand Jury’s authority to seek these records without a court order. In order to accomplish this result and avoid the apparent conflict between these statutes, the court held that the Grand Jury was not a “person” within the meaning of the statutory prohibition and, therefore, was not required to obtain a court order.
This court is not convinced that the Legislature intended this result arrived at via this admittedly ingenious feat of linguistic acrobatics. The clear and obvious legislative *38 intent of this statute (Domestic Relations Law, § 235) was to block access to these records without a court order to all except parties or their attorneys. Clearly this statute creates, in this specific category of public records, an exception to the admittedly broad investigatory power granted to the Grand Jury.
It is this court’s considered opinion that it would be improper to tamper with the express intent of the Legislature reflected in this statute (Domestic Relations Law, § 235). If there is' potentially vital information in these records, the Grand Jury has only to apply for a court order as required by the statute. This is certainly not an unreasonable or overly burdensome requirement to place on Grand Jury investigations seeking information in this highly sensitive area.
Accordingly, this court will decline to follow the type of analysis followed by the First Department and will enforce the express intent of the Legislature ensconced within this statute (Domestic Relations Law, § 235) to require a court order prior to the release of any of these potentially sensitive records to the Grand Jury.
This motion to quash the subpoena duces tecum herein is granted.