OPINION OF THE COURT
Martin B. Stecher, J.
This is a petition to enforce a subpoena.
The petitioners are tenants in a Central Park South building whose landlord seeks to evict them all. During a hearing before a Conciliation and Appeals Board (CAB) hearing officer, the landlord’s first witness was handed a subpoena bearing an indorsement by the petitioners’ attorney, seeking voluminous records. (They were described by the “all” and “every” appellation.) Clearly, the subpoena was very broad. The question, however, is whether the court may intervene to enforce even a well-drawn subpoena.
CPLR 2302 (subd [a]) authorizes an attorney to issue a subpoena in an administrative proceeding and CPLR 2308 (subd [b]) provides for its enforcement on application to the Supreme Court. By chapter 576 of the Laws of 1974 (as amd), the Legislature granted to the CAB the power to “issue subpoenas” (§ 6, subd e, par [9]) and the power “[t]o do any and all things necessary or convenient” to its purposes and powers (§ 6, subd e, par [10]).
Strangely enough, no case has come to my attention dealing directly with the attorney’s right to issue his own subpoena to a nongovernmental witness and seek court enforcement (CPLR art 23) where the administrative agency before which it is *285 returnable has any express grant of subpoena power. Respondents cite Matter of Irwin v Board of Regents (27 NY2d 292) and Matter of Whalen v John P. (72 AD2d 961) for the proposition that the court may not involve itself with the issuance of subpoenas before an agency having an express legislative grant of that power.
Irwin (supra) deals with CPLR 2307 (subd [a]), subpoenas for documents in the possession of State agencies or those of the State’s subdivisions. “Where, as here, the administrative board’s authority to issue subpoenas is derived from a specific statutory grant of power * * * CPLR 2307 does not govern” (p 296).
Whalen (supra) denies an attorney the right to issue deposition subpoenas prior to the commencement of an" administrative hearing.
In Whalen (supra) the court said, “CPLR 2302 does not apply if a particular board or other administrative agency has been granted subpoena power by a more specific statute. In such a case, the power of the hoard or agency to issue subpoenas is derived solely from the specific statute” (p 962; emphasis supplied).
In Irwin (supra, pp 296-297) the court said:
“The Legislature, in enacting article 23 of the CPLR, had as its aim a uniform treatment of the law of subpoenas. It intended ‘to simplify and consolidate the many procedural provisions affecting subpoenas in the civil practice act and various consolidated and unconsolidated laws. Procedures for the use of subpoenas by nonjudicial bodies have been integrated with judicial procedures. Wherever they are silent on the point, the rules * * * refer to all subpoenas.’ (First, Preliminary Report of the Advisory Committee on Practice and Procedure, p. 161 [hereinafter cited as First Report].)
“In effecting this intent, the Legislature, while retaining that part of section 406 of the Civil Practice Act which permitted administrative boards to issue subpoenas (First Report, p. 162), did not repeal those statutes which granted to particular administrative boards the power to issue subpoenas. This is significant inasmuch as the legislative committee had previously commented upon the apparent confusion in the pre-CPLR period resulting from the existence of this dual source of subpoena power. (First Report, p. 360.)
“In view of the intent expressed by the CPLR drafters, it should not, and cannot, be implied that a return to the pre-CPLR ‘confusion’ was intended. Rather, it would seem that the Legislature indicated that CPLR 2302 (subd. [a]), with respect to *286 administrative boards, governs the issuance of subpoenas by those boards not already granted this power by statute, and as to those administrative boards to whom a specific grant of subpoena power had been granted, their power to issue subpoenas is derived solely from such grants. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 96.) It follows that, since the subcommittee has authority to issue subpoenas pursuant to a specific grant, CPLR 2307 (subd. [a]) is not a limit on the subcommittee’s power. Therefore, the issue as to whether petitioner was entitled to the subpoena duces tecum he requested the subcommittee to issue turns upon an interpretation of section 7406 (subd. 3) of the Education Law”.
As may be seen, the issues in these cases involve only the agencies’ subpoena powers and not those of the attorneys. In looking at the scheme of the statutes, however, it appears that CPLR article 23 is inapplicable to an attorney’s subpoenas, as well, when the board has a specifically granted subpoena power. The intent of article 23 is to make uniform the rules governing the issuance of subpoenas in the absence of other statutes.
Where there is a grant of such power to the agency, it is for the agency, and not the court, to determine the scope of a subpoena, its propriety and compliance with it. An attorney’s judicial subpoena derives from his status as an officer of the court and the court, in view of the proceedings before it, may quash, modify or enforce the subpoena.
Where the attorney, however, appears before an agency whose knowledge of the case is clearly superior to the court’s, and the agency has the power to issue a subpoena, it is inappropriate for the court to intervene and seek to control the flow of evidence during the proceeding. In such a situation application for the issuance of a subpoena should be made to the administrative agency.
The petition is denied and the clerk may enter judgment, without costs, dismissing the petition.