OPINION OF THE COURT
John G. Connor, J.
Plaintiff and defendant, Donald P. Swartz, M. D., herein move for discovery and protection order relating to a malpractice action.
Plaintiff, Julie Ann Rubino, an infant, brings this action against the defendants alleging that her present condition has resulted from the defendant’s prenatal care .and delivery. The medical records relating to her treatment indicate that a portion of the plaintiff’s brain is missing. Defendant’s position is that its deficit may have resulted from a congenital malformation, hereditary or otherwise.
Defendant, Donald P. Swartz, M. D., now seeks further examination before trial of the plaintiff’s mother, Louise Rubino, as to the following questions:
1. The medical history, family history and mental physical condition of the immediate family.
2. Whether Louise Rubino (the mother) would have consented to an abortion, if one had been suggested.
3. Whether the mother had any moral, religious or conscientious objections to an abortion.
4. To inquire as to what knowledge Louise Rubin (mother) has received from pediatricians, neurologists, neurosurgeons, hospital and clinics as to the cause of the child’s condition relating to fever, convulsions and mental deficit.
5. Whether the mother was subjected to physical abuse while she was pregnant.
Plaintiff’s father and mother are now divorced. Plaintiff contends that the physical condition of the father is privileged. That he is not a party nor is the mother except in a representative capacity. Plaintiff has refused to answer those questions pertaining to the medical and physical condition of the father upon the grounds of privileged communication between doctor and patient.
*206 The criteria to the questions are whether they are “material and necessary”. (See Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406.) The information sought need not qualify as evidence admissible at the trial of an action but only lead to such evidence. (West v Aetna Cas. & Sur. Co., 49 Misc 2d 28.) Disclosure is required as to all relevant information calculated to lead to relevant evidence. (See Siegel, NY Prac, § 344, entitled disclosure criteria; CPLR 3101, subd [a]; Maloney v Buffalo Sav. Bank, 41 AD2d 591; Hoenig v Westphal, 52 NY2d 605.)
The infant plaintiff herein has waived her right as to her doctor-patient relationship. As pointed out in Hughson v St. Francis Hosp. (93 AD2d 491, 500): “Waiver occurs when the patient personally, or through his witnesses, either lay or medical, introduces testimony or documents concerning privileged information, or when the legal representative of a deceased patient presents such evidence. It also results from failure to object to disclosure of privileged information. Almost invariably, waiver occurs in personal injury and wrongful death actions or compensation claims inasmuch as the prosecution of such litigation necessarily involves proof of injuries on behalf of the plaintiff.”
Since the infant plaintiff has placed her physical condition in issue, all questions pertaining to her present and past medical history are discoverable. By bringing this action, her privilege was waived. Similarly defendant is entitled to discover from the mother the period during which the infant plaintiff was in utero. As stated in Burgis v Flower & Fifth Ave. Hosp. (108 Misc 2d 225, 226): “During such period there could be no severance of a mother from child. Neither can we sever the infant’s prenatal history from the mother’s medical history during that period. As the infant’s privilege has been waived we cannot allow the mother’s privilege to be interposed to the defendant’s right to all of the infant’s medical history.”
Whether defendant is entitled to discover the mother’s previous medical history prior to her then pregnancy, the court is bound by the standards set forth in Hughson v St. Francis Hosp. (supra). The mother shall answer all pertinent questions pertaining to her physical condition, medical history and family prior to the time she gave birth to the infant plaintiff. If she declines and reexercises her doctor’s privilege, then plaintiff shall be precluded from introducing such privileged matters which she has claimed as privileged.
Plaintiff objects to any inquiry by the defendant pertaining to the husband’s medical history. Plaintiff asserts since he is not *207 a party, the mother may not waive his physician-patient privilege. Facts which are plain to the observation are not protected. The mother herein must answer such proposed questions as to what observations she made as to her former husband’s medical condition and what observations and knowledge she knows as to the father’s family medical history. The mother cannot hide behind her former husband’s medical privilege as to what observations and knowledge she knows. Only such confidential information which may have been made as between husband and wife can the mother herein claim as confidential. This is based upon the husband and wife confidentiality and not the husband’s medical privilege. Facts which are plain to the observation of anyone without expert or professional knowledge are not privileged. (Klein v Prudential Ins. Co., 221 NY 449, 453; see, also, People v Newman, 32 NY2d 379; Richardson, Evidence [Prince, 10th ed], § 432.)
Defendant therefore is entitled to further examine the mother, Louise Rubino, as to the following:
1. Her medical history during the period the infant plaintiff was in útero.
2. Her previous medical history unless the mother reasserts her medical privilege. In such event then she will be precluded from offering such evidence at the trial.
3. The observations and knowledge she has as to her former husband’s medical history and as to his family. Only such information which she may have learned in a confidential relationship as husband and wife may the mother assert in connection with the father’s medical history, physical condition and family history.
4. To inquire of the mother her knowledge she received from pediatricians, neurologists, neurosurgeons, hospitals and clinics, as to the cause of the child’s condition relating to fever, convulsions and mental deficit. Defendant shall not be entitled to such information she has received in preparation of trial.
Whether the mother would have consented to an abortion if one were suggested or whether she had any moral, religious or conscientious objections to such is not proper. Although such questions may be relevant as to mitigation of damages, it has no bearing in this case. The infant child herein sues and not the mother. The mother has not brought any derivative action for the cost of raising such child.
Plaintiff herein seeks a protective order as to the notice to produce by the defendant, Donald Swartz, on August 7th and *208 8th, 1984. Plaintiff has complied or consents to those items to be produced except the following:
1. Transcript of divorce or authorization to obtain the same.
2. Divorce decree.
3. Separation agreement as to support of infant.
Plaintiff seeks protection as to the divorce proceeding under section 235 of the Domestic Relations Law. Defendant asserts that such information is needed to determine whether the mother was subjected to any physical abuse during the time of her pregnancy.
Before a court may order production of the information as to details of a matrimonial action, the court must be convinced by the applicant that the intrusion into essentially private matters is warranted and that special circumstances are required. (People v Doe, 117 Misc 2d 35.) Here, defendant represents that such production should be reviewed in camera, in order to determine whether there is evidence which may reveal physical abuse traumatically related to her pregnancy. The court will review in camera the divorce proceeding to determine whether there appears any evidence of physical abuse during the mother’s pregnancy to this infant child.
Plaintiff is entitled to a protection order as to the separation agreement.