OPINION OF THE COURT
Stephen G. Crane, J.
Originally, this was a proceeding to enforce subpoenas and for discovery in aid of arbitration. During its pendency, petitioners sought parallel relief in the United States District Court. The District Court (Sprizzo, J.) denied discovery in aid of arbitration and relegated petitioners to this court for a ruling on the application to enforce their subpoenas. Thus, there remains in this court only the question of the enforce *236 ability of petitioners’ subpoenas issued in their pending arbitration.
Proof of service is lacking of the order to show cause in this proceeding. Therefore, the merits will be considered only as to those respondents who have appeared without objection to the service of process. Consequently, the proceeding against respondents Thomas Baggot and National Association of Securities Dealers, Inc. (NASD) is severed and the petition against these respondents is dismissed, without costs.
Petitioners were customers of respondent, Shearson Lehman Hutton (Shearson). They suffered losses in their index option brokerage account due to allegedly illegal and fraudulent management by employees of Shearson. These were the individuals to whom petitioners’ counsel issued subpoenas in connection with an arbitration petitioners commenced against Shearson. Petitioners contend that the individuals who were subpoenaed have relevant information and documents. These people have failed to respond to the subpoenas.
Petitioners apparently sought enforcement of the subpoenas from the arbitration panel which ruled that petitioners could request witnesses and documents of demonstrable relevance. Petitioners construe this ruling to be a refusal to enforce the subpoenas issued by their attorney. They commenced this proceeding and, as mentioned earlier, they sued as well in the District Court for similar relief. In this proceeding petitioners successfully argue the relevance and materiality of their subpoenas.
In this jurisdiction, an arbitrator or an attorney of record to an arbitration or an administrative proceeding is authorized to issue a subpoena without court order. (CPLR 2302 [a]; 7505.) To enforce such a subpoena, the issuer may apply to the Supreme Court, "[ujnless otherwise provided”. (CPLR 2308 [b].) The language "unless otherwise provided” has been interpreted as a requirement that the court defer to an administrative tribunal when the statute governing it provides that forum with the power to issue and enforce its own subpoenas. (Matter of Irwin v Board of Regents, 27 NY2d 292, 297; Matter of Whalen v John P., 72 AD2d 961, 962; Matter of Moore v Sunshine, 126 Misc 2d 284; Matter of Russian Tea Room v Ford, 103 Misc 2d 485, 486; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2302:l, at 193.) No case has directly held that the court must likewise defer to an arbitration tribunal. Yet, the statute, CPLR 2308 *237 (b), makes no distinction between administrative and arbitration proceedings. Thus, what is "otherwise provided” in one context ought to apply in the other.
So, we must look to the rules of the NASD to discern whether enforcement of arbitation subpoenas is "otherwise provided”. Respondents rely on sections 32, 33 and 34 of the NASD rules implying that they establish a mechanism to enforce these subpoenas. This implication is wrong. These rules simply give the arbitrators and counsel the subpoena power, after voluntary efforts fail, subject to determination by the arbitrators of materiality and relevance. This is a far cry from enforcement "otherwise provided” within the intendment of CPLR 2308 (b). (Contrast, Matter of Russian Tea Room v Ford, 103 Misc 2d 485, 486, supra.) Consequently, the NASD rules do not preclude resort to court enforcement.
Next inhibiting involvement by the court is the policy favoring abstention where arbitration is concerned. (Matter of Sprinzen [Nomberg], 46 NY2d 623, 629; Allen & Co. v Shearson Loeb Rhoades, 111 AD2d 122, 123, affd 67 NY2d 709.) Of course, in an appropriate case the court will entertain a motion to enforce a subpoena issued in arbitration. (Matter of Nelson v Biderman, 43 Misc 2d 132; cf., In re Meyer, 53 NYS2d 851; Matter of Zelter v Nash, 285 App Div 1214.) The case at bar, however, is altered by the circumstance that petitioners first submitted their request for enforcement to the arbitrators. The arbitrators, in turn, told petitioners to establish relevance, precisely what a court would do in entertaining an application to enforce. (Matter of La Belle Creole Intl. v Attorney-General of State of N. Y, 10 NY2d 192, 196.) By submitting the issue to the arbitration tribunal, petitioners have elected their remedy: "It is axiomatic that where more than one procedural remedy is available to redress a single alleged wrong, the election of and full participation in one of these avenues of relief constitutes a waiver of the right to seek relief pursuant to those procedures which remain” (Matter of City of Newburgh v Local 589, Intl. Assn. of Firefighters, 140 AD2d 339, 340, lv denied 72 NY2d 808; see also, De Sapio v Kohlmeyer, 35 NY2d 402, 406). Thus, the petitioners have waived any court involvement. (Matter of L.C.L. Corp. [New York Cent. R. R.J NYU, May 23, 1968, at 2, col 2 [Helman, J.]; see generally, Page, Subpoena Practice In Arbitration, NYU, Dec. 6, 1976, at 1, col 1.) Recognizing this waiver is in keeping with the policy that the court should order enforcement only to effectuate a decision of the arbitrators (Domke, *238 Commercial Arbitration § 24:03, at 374, n 6 [Wilner rev ed]) and should avoid intermeddling in the arbitrators’ procedural regulation of their own arbitration, particularly in matters of disclosure and the production of evidence. (Matter of MVAIC [McCabe] 19 AD2d 349, 353.)
In this posture of the case, petitioners’ only remedy will be to move to vacate any award, to the extent it may be adverse to them, for misconduct due to the exclusion of relevant and material evidence. (CPLR 7511 [b] [1]; Matter of Seedman v Lockrey, 1 AD2d 656; 8 Weinstein-Korn-Miller, NY Civ Prac |J 7511.15; but see, Matter of Asiatic Petroleum Corp. [New England Petroleum Corp.] 65 AD2d 708.)
Accordingly, the application is denied on the merits and the petition is dismissed, without costs, except as to respondents Thomas Baggot and NASD. As to them, the proceeding is severed and the petition dismissed, without costs, for failure to prove service of process.