■ RALF LANGE, Respondent, v SARTORIUS, INC., et al., Appellants.—Order of the Supreme Court, New York County (Leonard Cohen, J.), entered on or about June 30, 1989, which granted petitioner's motion to confirm a March 13, 1989 arbitrators' award and denied respondents' cross motion to vacate that award, is unanimously affirmed, with costs and disbursements.

Petitioner was employed by two of the three respondents (the third is the parent corporation). A dispute arose over petitioner's termination, which was submitted to arbitration pursuant to the employment agreements. The arbitrators found that respondents had initially communicated to petitioner their desire that his employment be terminated, that negotiations had thereupon commenced, and after they proved fruitless, petitioner left his job. According to the arbitrators, respondents had not complied with the agreements, and petitioner was terminated. In rendering a monetary award in favor of petitioner, the arbitrators expressly took into account his sudden departure. Respondents urge that the IAS court erred in applying New York law on the motion and cross motion. Both this court and the Federal courts have recognized that the law and policy underlying a motion to vacate an arbitration award are the same under both New York and Federal law *(see, Allen & Co. v Shearson Loeb Rhoades,* 111 AD2d 122, *affd* 67 NY2d 709; *Quick & Relly v Jacobson,* 126 FRD 24). Even pursuant to Federal law, courts must give deference to an arbitrator's conclusions *(American Postal Workers Union v United States Postal Serv.,* 682 F2d 1280, *cert denied* 459 US 1200). An arbitration award is not subject to judicial review for merely erroneous findings of fact, unless the errors in question are completely irrational *(Matter of UCO Terms. v Apex Oil Co.,* 583 F Supp 1213, *affd* 751 F2d 371). Since the arbitrators' award herein was not completely irrational, we affirm. Concur—Kupferman, J. P., Sullivan, Milonas and Wallach, JJ.