■ In the Matter of BERNARD HANFT, Appellant. STANLEY S. OSTRAU et al., Respondents.—In a proceeding to compel compliance with subpoenas for the attendance of certain witnesses at a hearing before a subcommittee of the Grievance Committee for the Second and Eleventh Judicial Districts, the petitioner appeals from an order of the Supreme Court, Kings County (Gloria Cohen Aronin, J.), dated June 18, 1990, which denied his motion to compel compliance with the subpoenas, and which granted the respondents' cross motion to quash the subpoenas.

Ordered that the order is affirmed, with costs.

The petitioner has sought to subpoena several witnesses, including Justices of the Appellate Term and an Acting Supreme Court Justice, in order to compel them to attend a session of a subcommittee which is to examine his appeal from an earlier decision of the Grievance Committee for the Second and Eleventh Judicial Districts. We agree with the Supreme Court that 22 NYCRR 691.5 is the sole authority upon which the petitioner may rely in seeking to subpoena these witnesses. That rule, enacted in accordance with the powers conferred upon the Appellate Division by Judiciary Law § 85, provides that such subpoenas may be issued only by the Clerk of the Appellate Division, in the name of the Presiding Justice. Therefore, the Supreme Court properly denied the petitioner's motion, and properly granted the respondents' cross motion to quash *(see generally, Matter of Whalen v John P.,* 72 AD2d 961, 962; *Matter of Cotter v Shearson Lehman Hutton,* 145 Misc 2d 235, 236).

We have examined the appellant's remaining contentions

and find them to be without merit. Thomspon, J. P., Bracken, Harwood and Copertino, JJ., concur.