Lorna Goodman, Esq. Informal Opinion County Attorney No. 2002-20 County of Nassau Office of the County Attorney Ralph G. Caso Executive and Legislative Building One West Street Mineola, New York 11501-4820
Dear Ms. Goodman:
This is in response to your inquiry as to whether Domestic Relations Law ("DRL") § 235 requires a court order prior to releasing documents in a matrimonial action to a Grievance Committee. Specifically, you state in your letter that the Office of the Nassau County Clerk of the Court[1] was served with a subpoena for a matrimonial file from the Grievance Committee of the Appellate Division, Second Department. The Nassau County Clerk's office denied this request due to the apparent constraints of DRL § 235(1), which requires a court order when releasing such files to a non-party. Upon this denial, you were informed by the Grievance Committee that a court order was not necessary, and that a subpoena signed by the Clerk of the Appellate Division would suffice to permit release of the file. You indicated that the Grievance Committee did not cite any statutory authority in support of its position. You seek an opinion as to whether a subpoena signed by the Clerk of the Appellate Division suffices to supplant the requirement of a court order for release of a matrimonial file pursuant to DRL § 235(1).
We conclude that a subpoena issued by the Grievance Committee and signed by the Clerk of the Appellate Division does not supplant the requirement of a court order set forth in DRL § 235(1). The statute has been narrowly construed to implement its policy of protecting the confidentiality of matrimonial records and it does not expressly exempt the Grievance Committee from the requirement for a court order. Therefore, we find that the Grievance Committee, like any other non-party, should seek a court order to obtain access to the matrimonial file.[2]
Domestic Relations Law § 235(1) provides:
 An officer of the court with whom the proceedings in a matrimonial action or a written agreement of separation or an action or proceeding for custody, visitation or maintenance of a child are filed, or before whom the testimony is taken, or his clerk, either before or after the termination of the suit, shall not permit a copy of any of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order of the court.
This section was enacted in 1962, but its provisions date back to 1847.[3] The policy behind the statute is to protect the confidentiality of matrimonial actions, which can often involve "painful, even embarrassing details, which the parties should have a right to keep private." See Alan D. Scheinkman, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 14 C235:1, at 170. The restrictions imposed by DRL § 235(1) may be overcome by court order, but such orders are not available "for the mere asking" and a showing of "special circumstances" is required. Id.
at 171; see, e.g., Hovigam v. Marchand's Sch. of Dance, Inc.,225 A.D.2d 522 (2d Dep't 1996) (affirming lower court's denial of defendants' motion to inspect plaintiff's matrimonial file in personal injury case on grounds that defendants failed to demonstrate a sufficient nexus between marital proceedings and the plaintiff's alleged injury to warrant overcoming the statutory protection). Before the court may order disclosure of proceedings protected by DRL § 235, the party applying for such disclosure must adequately demonstrate that "the intrusion into essentially private matters is warranted and that special circumstances are required." Rubino v. Albany Med. Ctr., 126 Misc.2d 204, 208
(Sup.Ct. 1984).
The plain language of DRL § 235(1) states that no copy of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony in a matrimonial action shall be taken by any person other than a party or the party's attorney,except by order of the court. As noted above, the statute does not by its terms exempt the Grievance Committee from the requirement of a court order. Moreover, prior constructions of DRL § 235(1) have stressed the inflexibility of the court order requirement. While no court has addressed the precise issue of whether a Grievance Committee subpoena overcomes this requirement, in People v. Doe, 117 Misc.2d 35 (Sup.Ct., Erie Co. 1982), the court held that the DRL § 235 requirement was not superseded by the Grand Jury's subpoena power pursuant to Criminal Procedure Law ("CPL") § 610.10.[4] In reaching its conclusion, the court noted that DRL § 235 "provides no express exclusion from its mandate for Grand Jury subpoenas," 117 Misc.2d at 36, and explained:
 [S]ection 235 of the Domestic Relations Law places no absolute barrier to obtaining these records. It only erects a procedural barrier which places a neutral magistrate between the investigating hand of the government and these files, which may contain highly sensitive and personal information, revealing the most private and closely guarded aspects of citizens' lives. . . . The maintenance of these records casts a heavy responsibility on those public officials entrusted with their care and protection. Section 235's requirement of a court order is a reasonable mechanism to "screen" and supervise interventions in this sensitive area.
Doe, 117 Misc.2d at 37.
Doe's interpretation of DRL § 235 is also consistent with the interpretation given its predecessor, Civil Practice Rule 278. InStevenson v. Hearst Consol. Publ'ns, Inc., 214 F.2d 902 (2d Cir. 1954), the court held that a Supreme Court Justice's unwritten permission allowing a reporter to review a matrimonial file did not satisfy Rule 278's court order requirement, explaining that because Rule 278 "recognizes a public policy which precludes uncontrolled exposure of the detail involved in matrimonial actions to public view," and the control provided is an "order of court." 214 F.2d at 909. Therefore, it was "altogether reasonable to infer an intent that an order of court shall stay the mandate of the rule only in situations to which the declared policy, in the court's discretion, is not applicable;" and that it was "inherently reasonable" to conclude that the Rule contemplated that such discretionary orders "deserved the safeguard of written expression." Id.
Section 235 has also been construed in a fairly strict manner in informal opinions issued by this office. Interpreting that statute's requirement that, absent a court order, matrimonial records may be not be released to "any other person than a party, or the attorney or counsel of a party," this office has concluded that because § 235 "is very specific in designating who may obtain" matrimonial records without a court order, "it would be inconsistent with the legislative intent of section 235 to allow the release of the information on file to a non-party even though that person possesses a signed authorization by the party." 1978 Op. Atty. Gen. (Inf.) 278.
Additionally, case law regarding the release to a Grievance Committee of other types of records for which a court order is required further indicates that the subpoena you reference is not sufficient. In In re Dondi, 63 N.Y.2d 331 (1984), the Court of Appeals concluded that, absent a formal court order, the Grievance Committee could not obtain criminal records which had been sealed pursuant to CPL § 160.50. The Court explained that because the Grievance Committee was not one of the persons or entities explicitly granted access by the statutory terms, it could obtain a sealed criminal record only under a formal Appellate Division order issued after "a compelling demonstration, by affirmation, that without an unsealing of criminal records, the ends of protecting the public through investigation and possible discipline of an attorney cannot be accomplished." 63 N.Y.2d at 338. The Court emphasized that "[o]nly upon such a showing will the authority over attorney discipline override the protection of confidentiality accorded by the Criminal Procedure Law to those acquitted in criminal actions." Id. See also Hynes v. Karassik,47 N.Y.2d 659 (1979) (affirming Appellate Division's order preventing official records and papers pertaining to a criminal trial in which an attorney had been acquitted from being unsealed for use in a subsequent investigation into the attorney's fitness to practice law). The considerations that led the Court to require a court order in Dondi are similar to those surrounding the court order requirement in DRL § 235.
We note that in Matter of Grand Jury Subpoenas, 58 A.D.2d 1
(1st Dep't 1977), the Appellate Division held that a Grand Jury subpoena supplanted the court order required by DRL § 114 prior to the release of adoption files, reasoning that the historic breadth of the Grand Jury's powers and the "secrecy necessarily imposed on Grand Jury proceedings" would safeguard the "privacy aspect which so imbued section 114." 58 A.D.2d at 5. We do not believe that holding is dispositive here. Regardless of whether the Grand Jury, by virtue of its unique attributes, may supersede the requirements of DRL § 114, the Court of Appeals clearly indicated in Dondi (decided seven years after Matter of Grand JurySubpoenas), by imposing the requirement of a judicial determination of necessity as a condition of release of specified records, that the Grievance Committee cannot overcome a statutory court order requirement which protects the confidentiality of such records.[5] That is precisely the intent and import of DRL § 235.
In sum, therefore, we conclude that a subpoena signed by the Clerk of the Appellate Division is insufficient to supplant the requirement of DRL § 235 for a court order before disclosure of matrimonial records is permitted. We recognize that a Clerk of the Appellate Division may be authorized to sign court orders on behalf of the Court. N.Y. CPLR § 2219(b). We believe, however, that even if a subpoena signed by an Appellate Court Clerk would otherwise meet the statutory requirements for an "order of the court", see N.Y. CPLR § 2219(a), (b); see also In re Dondi,63 N.Y.2d 331, 339 (1984), such a subpoena does not satisfy the requirement for a court order imposed by DRL § 235 because it is not supported by a finding by a court that disclosure is warranted.
The Attorney General renders formal opinions only to officers and Departments of the State Government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
In Charge of Opinions
By:___________________________
ALLISON PENN
Assistant Solicitor General
[1] The Nassau County Clerk serves dual roles as the clerk of the Nassau County Supreme Court and as the administrator of the County Clerk's office.
[2] You have informed this office that the particular incident that prompted your inquiry was resolved when the County Clerk obtained an order from a Nassau County Supreme Court Justice permitting the Clerk to release the documents. Because you have advised us that this is a recurring issue for the County Clerk's office, this office will offer its guidance.
[3] The statute's legislative history does not shed light on the issue of whether a Grievance Committee subpoena would supplant the statute's court order requirement.
[4] You indicated that the Grievance Committee provided no statutory authority for its position that a subpoena signed by the clerk of the Appellate Department was sufficient to overcome the court order requirement of DRL § 235. We assume that the source of the Grievance Committee's authority to obtain a subpoena is 22 N.Y.C.R.R. § 691.5. This provision, enacted in accordance with the powers conferred upon the Appellate Division by Judiciary Law § 85, provides for the issuance of a subpoena by the Clerk of the Appellate Division in the name of the Presiding Justice, upon application by the Grievance Committee. See In re Hanft,180 A.D.2d 634 (2d Dep't 1992) (holding that 22 N.Y.C.R.R. § 691.5 was sole authority upon which attorney subject to grievance committee investigation could rely in seeking to subpoena witnesses for grievance committee hearing).
[5] The Court of Appeals reached this conclusion despite the fact that Grievance Committee proceedings, like Grand Jury proceedings, are not subject to public scrutiny. The Grievance Committee's proceedings are sealed and deemed private and confidential unless otherwise provided by the court. See
Judiciary Law § 90(10); 22 N.Y.C.R.R. § 691.4(j).