People v Malaty (2004 NY Slip Op 24215)

People v Malaty

2004 NY Slip Op 24215 [4 Misc 3d 525]

June 4, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 8, 2004

[*1]
The People of the State of New York, Plaintiff,
v
Makram Malaty, Defendant.
Supreme Court, Kings County, June 4, 2004

APPEARANCES OF COUNSEL

Peter H. Tilem, White Plains, for defendant. Charles J. Hynes, District Attorney (Dennis J. Ring of counsel), for plaintiff.

{**4 Misc 3d at 526} OPINION OF THE COURT

Joel M. Goldberg, J.
This decision and order embodies the substance of prior oral decisions and orders made on the record of this case.
The defendant is charged with various counts of grand larceny in the second degree (Penal Law § 155.40 [1]), forgery in the second degree (Penal Law § 170.10 [1]), and criminal possession of a forged instrument in the second degree (Penal Law § 170.25). The charges are based on the defendant's allegedly transferring the title to a parcel of real property valued in excess of $50,000 located at 353 Knickerbocker Avenue, Brooklyn, New York, from Anis Israel Ghali to himself by forging a deed and a power of attorney on August 21, 2002.
The People, on notice to the defense, have applied for judicial subpoenas duces tecum from this court, ordering the Clerk of the Supreme Court, New York County, and the Clerk of the Family Court, Queens County, to produce certified copies of the defendant's respective divorce and child custody proceedings that were adjudicated in those courts. The People's request is predicated upon the defendant's proposed defense that he was the equitable owner of the property in question, and that he therefore had the right to transfer title to himself. The People assert their belief that these court records, which include sworn statements by the defendant of his assets, would not mention his purported ownership interest in this property and would, therefore, serve to rebut his purported defense.
In opposition to the issuance of these subpoenas, the defense submitted a memorandum of law, dated May 7, 2004, and the People submitted a memorandum of law, dated May 17, 2004.

Family Court Records

The statute relied on by the defendant does not prohibit limited disclosure of his Family Court records.
Family Court Act § 166 reads, in pertinent part: "The records of any proceeding in the family court shall not be open to indiscriminate public inspection. However, the [family] court in its discretion in any case may permit the inspection of any papers or records . . . ."
[*2]
In People v Brailsford (106 AD2d 648, 649 [2d Dept 1984]), the People were held not to have violated section 166 of the Family Court Act by obtaining the defendant's Family Court records pursuant to a judicial subpoena for use in cross-examining the defendant. Apparently the records in Brailsford pertained to {**4 Misc 3d at 527}the defendant's juvenile arrest record and the cross-examination about that arrest related to the defendant's general credibility as a witness.
In this case, the records sought would relate to statements by the defendant in Family Court concerning his assets and whether these statements failed to include claims of ownership of the property in question in this case, a far more relevant issue than the general credibility issue for which the records were used in Brailsford.
Family Court Act § 166, as stated in Brailsford, does not make Family Court records confidential. Rather, it provides that such records "shall not be open to indiscriminate public inspection" (Brailsford at 649).
Other cases interpreting Family Court Act § 166 have also permitted disclosure of Family Court records where those records were relevant in other proceedings. (People v Price, 100 Misc 2d 372 [Sup Ct, NY County 1979] [Family Court records may be made available to Supreme Court by judicial subpoena in the discretion of the court issuing the subpoena]; Department of Social Servs. v Land, 110 Misc 2d 665 [Fam Ct, Nassau County 1981] [records made available to an attorney for a child who was party to the proceeding preparing a medical malpractice action on behalf of the child against a medical witness at that proceeding]; Matter of J. Children, 101 Misc 2d 479 [Fam Ct, Kings County 1979] [records of Family Court proceeding allowed to be inspected by District Attorney for consideration of possible perjury charge against a witness in that proceeding and for preparation of an existing criminal case]; see also Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 166, at 147-148.)
Section 166 should not be construed to permit the defendant, if the Family Court records so indicate, to have omitted in Family Court to claim ownership of the property at issue in this case, and now in Supreme Court to claim without being impeached that he did own it. Public policy and the history and language of section 166 do not call for such a result.

Divorce Records

For similar reasons, the defendant's opposition to the subpoena for his divorce records in Supreme Court is also without merit. The statute upon which the defendant relies specifically permits disclosure upon court order.
Section 235 (1) of the Domestic Relations Law reads:{**4 Misc 3d at 528}
"An officer of the court with whom the proceedings in a matrimonial action or a written agreement of separation or an action or proceeding for custody, visitation or maintenance of a child are filed, or before whom the testimony is taken, or his clerk, either before or after the termination of the suit, shall not permit a copy of any of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order of the court."
The bulk of the cases cited by the defense concern news organizations that wished to inspect court records of particular divorce proceedings. (See e.g. Nixon v Warner [*3]Communications, Inc., 435 US 589 [1978]; Danziger v Hearst Corp., 304 NY 244 [1952].) Those cases rightly sought to prevent unwarranted public intrusion into highly personal and sensational matters, e.g., the grounds for divorce such as cruelty and loss of consortium that are commonly cited in divorce proceedings.
Here, rather than to publicly sensationalize the details of the defendant's marital situation, the People are seeking the records pertaining to the defendant's assets and not the grounds for his divorce. This limited disclosure is appropriate in this case. (See Janecka v Casey, 121 AD2d 28 [1st Dept 1986] [plaintiff in wrongful death action of his wife who claimed future economic loss invited scrutiny into the divorce action pending at the time of her deatha very analogous situation to this case, where the defendant has opened the door into the question of whether he owned particular property that would have been discussed in the financial aspects of his divorce proceeding]; Rubino v Albany Med. Ctr. Hosp., 126 Misc 2d 204 [Sup Ct, Albany County 1984] [a medical malpractice action alleging negligent prenatal care where the plaintiff's divorce proceedings may have disclosed whether she and her unborn child were subjected to any physical abuse by her spouse during the time of her pregnancy].)
The court in Rubino ordered the production of the records from the divorce proceeding for its in camera review. (126 Misc 2d at 208.) The Rubino court further noted, "Before a court may order production of the information as to details of a matrimonial action, the court must be convinced by the applicant that the intrusion into essentially private matters is warranted and {**4 Misc 3d at 529}that special circumstances are required." (Id. at 208, citing People v Doe, 117 Misc 2d 35 [Sup Ct, NY County 1982].) "Section 235's requirement of a court order is a reasonable mechanism to 'screen' and supervise interventions in [the] sensitive area [of divorce proceedings]." (117 Misc 2d at 37.)
When evidence contained in the records of divorce proceedings is both significant and relevant to a separate proceeding, "the shield afforded by Domestic Relations Law § 235 must give way to the need for disclosure of relevant evidence." (Janecka, 121 AD2d at 32.)
Here, the People have demonstrated the potential relevance to the issues in this case of the defendant's divorce and Family Court proceedings as they pertain to the defendant's assets.
Accordingly, it is hereby ordered that a subpoena issue for the records of the defendant's divorce proceedings, Ghebriyal v Malaty (Sup Ct, NY County, Index No. 350063/98), returnable to this court for its in camera review; and it is further ordered that a subpoena issue for the records of the defendant's Family Court proceedings, Ghebriyal v Malaty (Fam Ct, Queens County, Index No. F-022858/97), returnable to this court for its in camera review; and it is further ordered that the court will disclose to the People only those portions of the aforesaid records that it deems relevant to the question of whether the defendant owned the property at issue in this case; and it is further ordered that the People not disseminate these records, or the information contained therein, to any person or entity outside of the Kings County District Attorney's Office unless expressly permitted by order of the court; and it is further ordered that, prior to introducing any of this evidence at trial, the People make an appropriate application to the court, outside the presence of the jury, regarding the specific [*4]information contained in the records that will be sought to be introduced.